OPINION
On January 30, 1998, the Guernsey County Grand Jury indicted appellant, Rodney D. Chandler, on one count of driving under the influence in violation of R.C. 4511.19. Appellant had submitted to a BAC Datamaster test which showed a blood alcohol level of .149 percent. Said charge was a felony of the fourth degree as the indictment also alleged "three or more prior convictions within the past six years" for driving under the influence. On February 11, 1998, appellant filed a motion to suppress his breath test results challenging the calibration check of the BAC Datamaster. A hearing was held on April 20, 1998. By judgment entry filed May 6, 1998, the trial court denied said motion. On February 24, 1998, appellant filed a motion to dismiss the indictment or in the alternative, asked the trial court to preclude the introduction of one of appellant's prior DUI convictions as such was obtained without counsel. By judgment entry filed March 11, 1998, the trial court denied said motion. On June 11, 1998, appellant pled no contest. The trial court found appellant guilty. By judgment entry filed July 22, 1998, the trial court sentenced appellant to fifteen months in jail, three months suspended, ordered appellant to pay a $1,250.00 fine plus court costs and suspended appellant's driver's license for ninety-nine years. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE APPELLANT WHEN IT SUMMARILY OVERRULED APPELLANT'S MOTION TO DISMISS THE INDICTMENT OR PRECLUDE INTRODUCTION INTO EVIDENCE OF A PRIOR UNCOUNSELED DUI CONVICTION CONTRARY TO THE RIGHTS GUARANTEED APPELLANT TO A FAIR TRIAL AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES AND ARTICLE 1, SECTION 16 OF THE CONSTITUTION OF THE STATE OF OHIO, AND THE RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE SIXTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 II THE TRIAL COURT'S REFUSAL TO ACCEPT APPELLANT'S OFFER TO STIPULATE TO THE VALIDITY OF HIS THREE PRIOR DUI CONVICTIONS AND ITS DECISION TO OVERRULE APPELLANT'S MOTION IN LIMINE DENIED APPELLANT HIS RIGHT TO A FAIR TRIAL AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 16 OF THE CONSTITUTION OF THE STATE OF OHIO, AND WAS CONTRARY TO EVID.R. 404(A), EVID. R. 609, AND EVID. 403(A).
 III THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED HIS MOTION TO SUPPRESS THE RESULTS OF THE BREATH TEST.
 IV THE DIRECTOR OF HEALTH ABUSED HIS DISCRETION IN APPROVING CALIBRATION SOLUTION #97220.
 V THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED APPELLANT'S DAUBERT MOTION CHALLENGING THE RELIABILITY OF THE PROCEDURES USED BY THE DEPARTMENT OF HEALTH AND THE MANUFACTURER TO DETERMINE THE TARGET VALUE OF CALIBRATION SOLUTION #97220.
 VI THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT CONSIDERED HEARSAY EVIDENCE IN DETERMINING WHETHER THE TESTING PROCEDURES USED TO CERTIFY CALIBRATION SOLUTION #97220 WERE RELIABLE.
 I
Appellant claims the trial court erred in denying him an opportunity to present evidence on his motion to dismiss. We agree. Appellant was charged with a felony DUI because he had been previously convicted of three DUI offenses within the past six years. In his motion to dismiss, appellant argued he was not represented by counsel on his April 28, 1993 conviction (Cambridge Municipal Court Case No. 93TRC04370) and he did not waive his right to counsel therefore, the state could not use said conviction to elevate the present DUI charge to a felony. The trial court denied the motion without conducting a hearing. See, Judgment Entry filed March 11, 1998. Pursuant to State v. Adams (1988), 37 Ohio St.3d 295, paragraph two of the syllabus, "[w]hen a defendant raises a constitutional question concerning a prior conviction, he must lodge an objection as to the use of this conviction and he must present sufficient evidence to establish a prima facie showing of a constitutional infirmity." In other words, appellant bears the burden of proving his uncounseled plea. In response to appellant's motion to dismiss the indictment, the state provided two documents filed on April 28, 1993 in Case No. 93TRC04370. One document was a "Waiver of Jury Trial" form wherein appellant waived his right to an attorney and a jury trial and the other was the trial court's judgment entry wherein the trial court affirmed that Crim.R. 11 was followed. Although the state provided these two documents, we find the trial court should have provided appellant a hearing under Adams. Tangentially, appellant argues the only way to prove his waiver was voluntarily and knowingly given is with the transcript. We disagree the transcript is the only way to prove a voluntary waiver. Assignment of Error I is granted. The trial court is instructed to conduct a hearing on the waiver of counsel issue regarding appellant's April 28, 1993 DUI conviction. If the trial court finds the waiver was voluntarily and knowingly given, then the judgment is affirmed. If the trial court finds the waiver was not voluntarily and knowingly given, then the judgment is reversed.
 II
Appellant claims the trial court erred in not accepting his stipulation to his prior DUI convictions. We disagree. Appellant offered to stipulate to his prior DUI convictions and requested a motion in limine to preclude the state from mentioning the prior convictions to the jury. The trial court denied the stipulation and the motion. See, Judgment Entry filed March 4, 1998. Appellant argues the admission of such evidence would violate his right to a fair trial and in support, cites Old Chief v. United States (1997) 519 U.S. 172. In Old Chief, the prosecution refused to accept the defendant's stipulation that he had been convicted in court of "a crime punishable by imprisonment for a term exceeding one year" in regard to the charge of possession of a firearm with a prior felony conviction [18 U.S.C. § 922(g)(1)]. The United States Supreme Court at 191-192 found in light of the stipulation, the prosecutor's presentation of the actual crimes was relevant but created an undue prejudice to the defendant under Evid.R. 403: For purposes of the Rule 403 weighing of the probative against the prejudicial, the functions of the competing evidence are distinguishable only by the risk inherent in the one and wholly absent from the other. In this case, as in any other in which the prior conviction is for an offense likely to support conviction on some improper ground, the only reasonable conclusion was that the risk of unfair prejudice did substantially outweigh the discounted probative value of the record of conviction, and it was an abuse of discretion to admit the record when an admission was available. What we have said shows why this will be the general rule when proof of convict status is at issue, just as the prosecutor's choice will generally survive a Rule 403 analysis when a defendant seeks to force the substitution of an admission for evidence creating a coherent narrative of his thoughts and actions in perpetrating the offense for which he is being tried. (Footnote omitted.)
We find Old Chief to be distinguishable from the facts in this case. In the case sub judice, the prosecution was required to prove beyond a reasonable doubt that appellant had three or more prior DUI convictions within the past six years under R.C.4511.99(A)(4)(a). Unlike the charge in Old Chief, evidence of appellant's prior convictions was necessary in order to prove an essential element of the crime charged. If the trial court had accepted appellant's stipulation, the jury would not have heard about appellant's prior convictions and could not have found appellant guilty of the charged offense. Upon review, we find the trial court did not err in refusing to accept appellant's stipulation. Assignment of Error II is denied.
 III, IV, V
Appellant claims the trial court erred in not suppressing his breath test results based upon his challenge to the calibration check of the BAC Datamaster (batch number 97220). We disagree. In his motion to suppress, appellant challenged the validity of how the target concentration values are established. In State v. Riders (June 24, 1999), Fairfield App. No. 98CA00051, unreported, we specifically reviewed challenges made to batch number 97220 and upheld the certification based upon State v. Sebach (September 25, 1998), Knox App. No. 97CA24, unreported, and State v. Miracle (September 25, 1998), Knox App. No. 97CA25, unreported. In Sebach and Miracle, this court reviewed the Ohio Department of Health's protocol in certifying calibration solutions and found it to be in compliance with Ohio Adm. Code 3701:53-04(A). Specifically, this court held at 6 "[t]he Department of Health qualifies a batch of calibration solutions by using its own procedures and affirms that the testing samples fall within the manufacturer's target concentration value. Once the Department of Health makes that quality assurance determination, it is not necessary to know the manufacturer's procedures." Appellant attempts to put a different spin on this decision by claiming the testimony of Dr. Craig Sutheimer, Deputy Director and Chief Toxicologist for the Ohio Department of Health, concerning the recalibration of the batch solution was patently unreliable under Evid.R. 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc. (1993), 509 U.S. 579. Upon review, we find our decisions in Sebach and Miracle do not rely on any recalibration by the manufacturer therefore, the Evid.R. 702 argument is not germane. Assignments of Error III, IV and V are denied.
The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed in part and remanded.
By Farmer, J. Gwin, P.J. and Edwards, J. concur.