THE STATE OF OHIO, APPELLEE, *v.* ADAMS, APPELLANT.

[Cite as State *v.* Adams (1988), 37 Ohio St. 3d 295.]

(No. 87-1186—Submitted June 1, 1988—Decided July 6, 1988.)

296

*Robert D. Horowitz,* prosecuting attorney, and *Paul A. Mastriacovo,* for appellee.

*Jack A. Blakeslee,* for appellant.

WRIGHT, J. Two principal issues must be decided by this court.

First, does a stipulation by the parties to the fact of a prior conviction act as a stipulation to the constitutionality of the conviction when the issue of the constitutionality of the prior conviction

is not challenged by the defendant at trial?

Second, can the court of appeals presume that the trial court considered the sentencing factors set forth in R.C. 2929.12 when the record is silent in this regard?

We affirm the posture of the court of appeals on both of the issues for the reasons that follow.

## I

With respect to the first issue, appellant essentially argues that the state must prove the constitutionality of a defendant's prior convictions where these convictions are used to enhance the penalty of later criminal charges. Appellant correctly asserts that an uncounseled prior conviction may not be used to enhance a later conviction and sentence. *Baldasar* v. *Illinois* (1980), 446 U.S. 222. *Baldasar,* however, is clearly inapplicable to the case before us. Appellant failed to raise the issue of the constitutionality of the prior convictions at trial. Appellant's two prior convictions for theft are undisputed. No evidence was presented before the trial court with respect to whether these prior convictions were uncounseled and we believe that it is the responsibility of appellant to raise this issue. The practice of stipulating a prior conviction generally runs to the benefit of the defendant, as noted by Presiding Judge Milligan in the court of appeals opinion below:

"* * * [S]tipulations to prior convictions are widely recognized as a practice which benefits defendants by precluding the State from introducing evidence as to the details of the prior convictions. In addition, we find ourselves in the post-*Gideon,* post-*Argersinger* world where either defendants are in fact represented by counsel or courts ensure that defendants know-

ingly and intelligently waive their right to counsel."

Thus, we hold that a stipulation to the fact of a prior conviction constitutes a stipulation as to the conviction's constitutionality, unless the defendant raises the constitutional challenge at the trial where the conviction is used to enhance a penalty. When a defendant raises a constitutional question concerning a prior conviction, he must lodge an objection to the use of this conviction and he must present sufficient evidence to establish a prima facie showing of a constitutional infirmity. This view is consistent with the obligation of a defendant to bring evidentiary objections to the attention of the trial court so that it can timely deal with them. Since the defendant did not object to the constitutionality of the prior convictions at any time before or during trial, he may not do so on appeal. Any other view would endorse "ambush tactics" that undermine the truth-seeking process.

## II

With respect to the second issue, we hold that a silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12. The decision to order a presentence report generally lies within the sound discretion of the trial court. Absent a request for a presentence report in accordance with Crim. R. 32.2, no grounds for appeal will lie based on a failure to order the report, except under the most exigent of circumstances.

Appellant erroneously asserts that a silent record raises a presumption that the trial court did not consider R.C. 2929.12. As previously stated, the defendant in the case at bar did not request a presentence investigation, nor did he object to the lack of it. The record is devoid of any indication that

the trial court failed to consider R.C. 2929.12. Appellant's failure to address these issues at trial leads to a presumption that the trial court considered these factors. See *State* v. *Davis, supra.*

For the foregoing reasons, the judgment of the court of appeals is affirmed in all respects.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS and H. BROWN, JJ., concur.