THE STATE OF OHIO *v.* TALBOT.

(No. 88 CRA 394 — Decided
July 29, 1988.)

Tiffin Municipal Court,
Criminal Division.

*Randy F. Hoffman,* assistant director of law, for the state of Ohio.
*Clayton P. Osting,* assistant public defender, for defendant.

DANIEL, J. This matter came on for preliminary hearing on July 26, 1988. The parties stipulated to the admission of State's Exhibits Nos. 1 and 2, which show the defendant's prior uncounseled guilty plea and conviction for domestic violence. These documents show no knowing and intelligent waiver of the defendant's right to counsel. The defendant raised an objection to the use of the prior conviction as an element of a felony domestic violence charge (see R.C. 2919.25[D]). The defendant made a prima facie showing of a constitutional defect in the prior conviction, which defect was not rebutted by the prosecution. The court concludes that the prior conviction cannot be used as an element of a felony domestic violence charge. *State* v. *Adams* (1988), 37 Ohio St. 3d 295, 525 N.E. 2d 1361, paragraphs one and two of the syllabus.

The court finds, based upon substantial credible evidence, that there is probable cause to believe that the first degree misdemeanor violation of domestic violence was committed and that the defendant committed it. This case shall be retained by this court for trial. The clerk is ordered to file and serve a complaint alleging the charge of first degree misdemeanor domestic violence against the defendant upon the failure of the prosecutor to do so within seven days from the filing of this entry.

*Judgment accordingly.*