Daniel P. Seink pled guilty to charges of driving while under the influence of alcohol with a breath alcohol content in excess of the statutory limit in violation of R.C.4511.19(A)(1) and (3), respectively, as well as R.C. 4511.25
which pertains to lanes of travel. The trial court sentenced him to 180 days with 170 days suspended, imposed a fine in the amount of $1,000 with $650 suspended, assessed court costs, placed him on three years inactive probation, and suspended his license for three years from the date of the sentencing hearing. Seink assigns as error the trial court's failure to credit the time during which appellant's driver's license was suspended prior to sentencing and the court's refusal to grant him occupational driving privileges. Upon review, we reverse the judgment in part and remand this case to the trial court to credit any time during which Seink was subject to an administrative license suspension against the time to be served under the driver's license suspension imposed by the trial court.
On February 7, 1998, at approximately 1:00 a.m., a patrolman of the Village of Valley View observed Seink driving an automobile which first came up behind, then veered away from a semi tractor. The patrolman followed appellant and observed the vehicle "weaving back and forth against the lanes on Rockside Road." The patrolman stopped the car, administered sobriety tests, determined that Seink was under the influence of alcohol, and took him into custody.
The patrolman issued a ticket charging the following offenses: driving while under the influence of alcohol; blood alcohol concentration of 0.138 of one gram by weight of alcohol per two hundred liters of breath, in excess of the statutory limit; and "weaving course." After pleading not guilty in mayor's court, Seink ultimately pled guilty in municipal court, and now appeals, raising two assignments of error which pertain to his sentence.
The first assignment of error states:
 THE SENTENCING ORDER OF THE TRIAL COURT IMPOSING SUSPENSION OF APPELLANT'S DRIVER'S LICENSE COMMENCING THE DAY OF THE SENTENCING HEARING IS CONTRARY TO LAW.
Pursuant to R.C. 4507.16(B)(1), a court "shall suspend the offender's driver's * * * license * * * for not less than six months nor more than three years" if the offender has not committed additional driving-under-the-influence offenses within six years of the offense. The record here includes the LEADS printout regarding Seink's driving record. Although Seink was convicted of driving under the influence in 1989 — more than six years before the date of this offense, the maximum suspension which the trial court could impose was three years.
Seink's license was suspended administratively on the date of his arrest, February 7, 1998, pursuant to R.C. 4511.191(D) and (F) because his blood alcohol concentration exceeded the statutory limit. The suspension imposed by the trial court would terminate on June 15, 2001 — three years after the date of the sentencing hearing. Seink argues that the trial court erred by failing to credit the time during which his license was subject to administrative license suspension. We agree.
R.C. 4507.16(J) provides in pertinent part:
 The judge of the court * * * shall credit any time during which an offender was subject to an administrative suspension of the offender's driver's license * * * imposed pursuant to division (E) or (F) of section 4511.191 * * * against the time to be served under a related suspension imposed pursuant to this section.
See also R.C. 4511.191(K) (requiring the registrar to credit an administrative license suspension against a judicial suspension). In State v. Hlavin (Jan. 19, 1996), Geauga App. No. 95-G-1912, unreported, the appellant pled no contest to violating R.C. 4511.19(A)(3). Pursuant to R.C. 4511.191, he also received an administrative license suspension ("ALS") upon his arrest, and the court stated at 2:
 If a defendant is convicted of violating R.C. 4511.19(A), his ALS is terminated pursuant to R.C. 4511.191(K). At that point, as part of the criminal conviction, the court administers the suspension pursuant to R.C. 4507.16 and credits the suspension already served under the ALS.
For examples of cases in which the trial court granted credit for license suspension before adjudication, see also BedfordHeights v. Singer (Oct. 9, 1997), Cuyahoga App. No. 71740, unreported; Rocky River v. Zahn (Oct. 3, 1996), Cuyahoga App. No. 68970, unreported; State v. Zenner (Jan. 30, 1991), Summit App. No. 14730, unreported (credit pursuant to former R.C.4507.16(H) governing "pretrial suspension" and comparable credit pursuant to current R.C. 4507.16(J)).
Clearly, the driver's license suspension imposed by the trial court is contrary to law to the extent that the total suspension would exceed the statutory maximum of three years. In State v. Williams (Mar. 20, 1997), Cuyahoga App. No. 70626, unreported, the appellant there did not raise an issue as to whether the trial court should have credited an administrative license suspension against a judicial suspension. The appellant did, however, challenge the propriety of the four-year suspension imposed by the trial court. The Williams court held that a four-year suspension was error because the maximum suspension pursuant to R.C. 4507.16(B)(1) is three years, and stated at 1:
 Since the trial court inadvertently failed to follow the statutory guidelines and imposed a void sentence, see State v. Beasly (1984), 14 Ohio St.2d 74, this court must remand for resentencing.
Likewise here, Seink's first assignment of error is well taken, and we remand this case to the trial court for resentencing with regard to the license suspension.
The second assignment of error states:
 THE TRIAL COURT'S SENTENCE AND REFUSAL TO GRANT ANY OCCUPATIONAL DRIVING PRIVILEGES IS AN ABUSE OF DISCRETION.
Initially, Seink asserts that the trial court abused its discretion by denying his motion for occupational driving privileges without a hearing. R.C. 4507.16(F) provides, in pertinent part, that a person whose license has been suspended for a driving-under-the-influence offense:
 may file a petition that alleges that the suspension would seriously affect the person's ability to continue the person's employment. * * * Upon satisfactory proof that there is reasonable cause to believe that the suspension would seriously affect the person's ability to continue the person's employment, the judge of the court * * * may grant the person occupational driving privileges during the period during which the suspension otherwise would be imposed * * *.
Clearly, R.C. 4507.16(F) requires the offender to file a petition and provide the trial court with proof of the impact of the suspension on the offender's continuing employment. Seink has not, however, provided this court with any authority requiring that the trial court conduct a hearing prior to determining a petition for occupational driving privileges. Furthermore, in this case, the record reflects Seink did make his argument in favor of occupational driving privileges to the court on the record during the sentencing hearing. The absence of a hearing on the issue of occupational driving privileges does not per se provide a basis for reversal.
Seink also argues that the trial court abused its discretion by imposing a driver's license suspension for the maximum term and by refusing to grant occupational driving privileges. InWilliams, supra, the appellant there also argued that the trial court abused its discretion in sentencing and by refusing to grant occupational driving privileges. The Williams court observed that the language quoted above in current R.C.4507.16(F) indicating that a judge may grant occupational driving privileges and stated at 1-2:
 In order for an appellate court to reverse a trial court's decision, there must be a finding of an abuse of discretion. * * * An abuse of discretion connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary, or unconscionable. * * * Generally, when a trial court's sentence is within the confines of a valid statute, the sentence will not be disturbed on appeal as the sentencing of a defendant is within the sound discretion of the trial court. * * * It is presumed that the trial court considered the factors contained in R.C. 2929.12 and R.C. 2929.22 in the sentencing process unless it appears from the record that the court unreasonably ignored them, or acted out of bias, prejudice and preconceptions.
Further, in paragraph three of its syllabus in State v. Adams
(1988), 37 Ohio St.3d 295, the court stated:
 A silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12.
R.C. 2929.22 governs imposing sentence for a misdemeanor and provides in subdivision (A), in pertinent part:
 [T]he court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender and the offender's need for correctional or rehabilitative treatment * * *.
The LEADS printout reflects that, prior to the incident in February 1998 which resulted in this conviction:
 1) July 1997: appellant plead no contest to operating an unsafe vehicle;
 2) February 1993: appellant was involved in a non-injury accident;
 3) July 1992: appellant pled guilty to a stop sign violation;
 4) December 1989: appellant pled no contest to driving under the influence.
In imposing sentence for a misdemeanor, R.C. 2929.22(C) authorizes the sentencing court to consider the mitigating factors in R.C. 2929.12(C) and (E) which provide, in pertinent part:
 (C) The sentencing court shall consider all of the following that apply regarding the offender, the offense * * * and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
* * *
 (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 (E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
* * *
 (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years;
 (4) The offense was committed under circumstances not likely to recur.
 (5) The offender shows genuine remorse for the offense.
In this case we cannot determine that the trial court abused its discretion by denying Seink's motion for occupational driving privileges. We therefore affirm the trial court's judgment denying occupational driving privileges to Seink, but remand this case to the trial court to provide for resentencing within thirty days to credit any time during which Seink was subject to an administrative license suspension against the time to be served under the driver's license suspension imposed by the trial court.
Judgment accordingly.
This cause is remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered costs herein taxed be shared equally by appellant and appellee.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________________________ JAMES M. PORTER, ADMINISTRATIVE JUDGE
 _____________________________________ TERRENCE O'DONNELL, JUDGE
 _____________________________________ JOHN T. PATTON, JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(a).