JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calender pursuant, to App.R. 11.1 and Loc.App.R. 25, the record from the Cuyahoga County Court of Common Pleas, oral argument and the briefs of counsel. John Frederick Schott, defendant-appellant, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Criminal Division, Case No. CR-360099, in which the trial court sentenced defendant-appellant to seventeen months in prison on the offenses of failure to comply with order or signal of police officer and assault. Defendant-appellant assigns two errors for this court's review.
Defendant-appellant's appeal is not well taken.
On March 3, 1998, the Cuyahoga County Grand Jury returned a two-count indictment against defendant-appellant charging him with failure to comply with order or signal of police officer, in violation of R.C. 2921.331, and assault, in violation of R.C.2903.13, with a peace officer specification. Defendant-appellant was arraigned on March 9, 1998, whereupon a plea of not guilty was entered to both counts contained in the indictment.
On May 11, 1998, after a jury had been empaneled, defendant-appellant withdrew his formerly entered plea of not guilty and entered a plea of guilty to the first count of the indictment, failure to comply with order or signal of a police officer, a fourth degree felony, as indicted. Defendant-appellant also entered a plea of guilty to the amended second count of the indictment, assault, after the peace officer specification had been deleted upon the recommendation of the prosecution. The amended second count of the indictment constituted a misdemeanor of the first degree. The trial court then referred defendant-appellant to the Cuyahoga County Probation Department for completion of a presentence investigation and report.
On May 27, 1998, the trial court conducted the sentencing hearing in this matter. Defendant-appellant refused to be represented by counsel at the sentencing stage of the proceedings. Defendant-appellant, a resident of Cleveland, Ohio, maintained that he had renounced his United States citizenship status and was therefore not subject to the United States Constitution, the Ohio Constitution or the laws of the United States and was subject only to the laws of heaven and Jesus Christ. The trial court inquired at great length during the hearing as to whether defendant-appellant wished to confer with an attorney and allowed defendant-appellant numerous opportunities to reconsider his decision. Defendant-appellant refused to reconsider, consistently maintaining that he was not subject to the jurisdiction of the court and was not in need of an attorney. After all efforts to convince defendant-appellant to accept representation failed, the trial court sentenced defendant-appellant on the first count of the indictment to a term of incarceration of seventeen months in the Lorain Correctional Institution and a $250 fine. On the second count of the indictment, the trial court sentenced defendant-appellant to a $250 fine which was then suspended. The trial court stated during the hearing that:
 THE COURT: Okay. Well, the Court has reviewed the PSI, and the Court has reviewed the factors in R.C. 2929.31. The Court finds, after reviewing the recidivism factors and seriousness of the sentence, that the sentence is consistent with the purposes of the Senate Bill sentencing guidelines.
(T. 27.)
On October 30, 1998, defendant-appellant filed a notice of appeal from the judgment of the trial court, along with a motion for leave to file a delayed appeal. The motion for leave to file a delayed appeal was granted by this court on December 8, 1998.
Defendant-appellant's first assignment of error states:
 I. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS NOT GRANTED PROBATION AND WAS SENTENCED WITHOUT ANY FINDINGS WHICH WOULD AUTHORIZE A PRISON SENTENCE.
Defendant-appellant argues, through his first assignment of error, that he was improperly sentenced to prison by the trial court due to his political beliefs and due to his unique view of the criminal justice system as a whole. Specifically, defendant-appellant maintains that he was denied due process of law during the sentencing hearing because the trial court failed to make a specific, finding that community control sanctions would not be appropriate for defendant-appellant in this instance. Implicit in defendant-appellant's first assignment of error is the argument that, in the absence of one of the findings contemplated in R.C.2929.13 (B), the trial court may not impose a term of imprisonment for a felony of the fourth degree.
R.C. 2929.13 provides guidance to a trial court when sentencing a defendant for the commission of a felony. Pursuant to R.C.2929.13 (B), when sentencing a defendant for a fourth or fifth degree felony, the trial court is to determine whether any of a number of circumstances apply. There is no presumption that a fourth or fifth degree felon be sentenced to a community control sanction rather than prison. See State v. Sutherland (Aug. 15, 1997), Greene App. No. 97CA25, unreported; State V. Davis (Dec. 3, 1998), Cuyahoga App. Nos. 73680, 73681, 73682, unreported. In Davis, this court went on to state:
 Although the Sentencing Commission recommended a straight presumption against imprisonment for fourth and fifth degree felonies unless one of the eight enumerated factors increasing the seriousness of the offense existed, the General Assembly was unwilling to accept a straight presumption. Rather, R.C. 2929.13 (B) gives general guidance and a "disposition against imprisonment" for fourth and fifth degree felonies. Griffin and Katz, Ohio Felony Sentencing Law, 1996-97, pp. 61-62, 67.
Where the record is silent, an appellate court may presume that the trial court considered the statutory factors when imposing a sentence. State v. Davis (Nov. 1, 1993), Stark App. No. CA-9153, unreported, citing State v. Adams (1988), 37 Ohio St.3d 295,525 N.E.2d 1361. Where a sentence is within the statutorily imposed limits, the appellate court should accord the trial court the presumption that it considered the statutory mitigating criteria in the absence of an affirmative showing that it failed to do so.State v. Banks (Nov. 1, 1993), Greene App. No. 92CA112, unreported. In addition, R.C. 2929.14 (B) (2) does not require the trial court to state its reasons for or imposing a prison term if such reasons are otherwise apparent in the record. Statev. Phillips (June 18, 1997), Hamilton App. No. B-9606134, unreported; State v. White (Jan. 10, 1994), Cuyahoga App. No. 63879, unreported; State v. Taylor (Dec. 26, 1997), Hamilton App. No. C-961141, unreported; State v. Davis (Dec. 3, 1998), Cuyahoga App. Nos. 73680, 73681, 73682, unreported.
In the case sub judice, a review of the record demonstrates that the trial court stated that it had considered the factors set forth in R.C. 2929.31, the recidivism factors, the seriousness of the offense and the pre-sentence investigation and report in concluding that the imposed sentence was consistent with the Senate Bill sentencing guidelines. Clearly, the trial court's reference to R.C. 2929.31 was either a typographical error or a misstatement. The trial court obviously transposed the last two numbers of the statute and was, in actuality, referring to R.C. 2929.13 as can be seen from the context of the sentencing hearing itself as well as the trial court's statements at the time of sentencing. In addition, the fact that defendant-appellant entered a plea of guilty to assaulting a police officer obviously qualifies as an act of physical harm to a person as defined in R.C. 2929.13 (B) (1) (a) which, when combined with the other sentencing factors considered by the trial court, supports the trial court's conclusion that a community control sanction would not be appropriate in this instance. In determining an appropriate sentence in a plea-bargained setting, the court may consider all of the activities that brought the defendant to the courthouse door. Although the charge plead to controls minimum and maximum sentences, it does not eradicate the overall criminal conduct of the accused. Therefore, the trial court acted well within its discretion in sentencing defendant-appellant to a term of imprisonment and defendant-appellant was not denied due process of law by the trial court's actions. See State v. Powell
(Jan. 22, 1999), Greene App. No. 98CA33, unreported.
Defendant-appellant's first assignment of error is not well taken.
Defendant-appellant's second assignment of error states:
 II. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS SENTENCED TO AN ALMOST MAXIMUM TERM OF IMPRISONMENT.
Defendant-appellant argues, through his second and final assignment of error, that the trial court improperly sentenced him to seventeen months in prison which is one month less than the statutorily permitted maximum sentence of eighteen months for a fourth degree felony. It is defendant-appellant's position that this sentence amounts to an "almost maximum" sentence imposed by the trial court in an effort to avoid appellate review, pursuant to R.C. 2929.14 (C).
R.C. 2929.14 (C) provides that the trial court may sentence a defendant to the maximum allowable prison term for a felony of the fourth degree only upon finding that the defendant committed the worst possible form of the offense or that the defendant poses the greatest likelihood of committing future crimes. Statev. Hedrick (Feb. 9, 1999), Summit App. No. 18955, unreported;State v. Mitchell (Nov. 16, 1998), Butler App. No. CA98-05-099, unreported; State v. Davis (Dec. 3, 1998), Cuyahoga App. Nos. 73680, 73681, 73682, unreported. Where the maximum sentence is imposed, R.C. 2929.19 (B) (2) (d) (e) require that the trial court state its reasons for imposition of the sentence. See Statev. Mikol (April 9, 1998), Cuyahoga App. No. 72447, unreported.
In this case, defendant-appellant entered a plea of guilty to failure to comply with order or signal of a police officer, a fourth degree felony. The possible sentence for a fourth degree felony is six to eighteen months. See R.C. 2929.14 (A). Defendant-appellant received a seventeen month sentence, less than the maximum eighteen month sentence the trial court could have imposed. Therefore, the trial court was not required to state the reasons for its sentence on the record pursuant to R.C.2929.19 (B) (2) (d) (e), as the sentence at issue was not the maximum sentence that could have been imposed. See State v. Clark
(June 19, 1998), Greene App. No. 97CA26, unreported; State v.Varner (Sept. 14, 1998), Stark App. No. 98CA00016, unreported. Based upon the foregoing considerations, this court cannot now say that the trial court abused its discretion in sentencing defendant-appellant to a term of imprisonment less than the maximum allowable sentence.
Defendant-appellant's second assignment of error is not well taken.
Judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE, P.J., and SWEENEY, JAMES D., J., CONCUR.
 ___________________ MICHAEL J. CORRIGAN JUDGE