OPINION
Defendant-appellant, Rick L. Treat, Sr., appeals his conviction in the Warren County Court for one count each of assault, R.C.2903.13, and domestic violence, R.C. 2919.25. We affirm the decision of the trial court.
On May 19, 1998, appellant was charged with two counts of domestic violence in connection with an incident involving his wife and father-in-law. On October 20, 1998, in a separate case, appellant was charged with one count of assault based on an incident with his father-in-law. All the counts in the two cases were tried together in a bench trial. Appellant was found guilty of one count each of assault and domestic violence, both counts being misdemeanors of the first degree. Appellant was sentenced to one hundred eighty days in jail for each count with one hundred fifty days suspended. The two thirty-day jail terms were to be served consecutively. After the trial, appellant's trial counsel died.
With the assistance of appellate counsel, appellant appealed his conviction. Due to an apparent error in recording the trial, a transcript could not be prepared for appeal. Appellant has not sought to provide this court with an alternative record for this court to review pursuant to App.R. 9 and Loc.R. 10(B). Appellant assigns three assignments of error:
Assignment of Error No. 1:
 THE DEFENDANT/APPELLANT WAS EFFECTIVE ASSISTANCE OF COUNSEL IN THIS CASE. [SIC] COUNSEL'S FAILURE TO FILE A JURY DEMAND, LOSING PHOTOGRAPHS OF EVIDENCE FROM THE DEFENDANT, FAILURE TO REQUEST AN INSTRUCTION ON SELF DEFENSE, FAILURE TO FILE A MOTION TO SEVER THE CHARGES AND HAVE THE CASES TRIED SEPARATELY, AND FAILURE TO PRESENT REQUESTED CHARACTER WITNESSES ARE THE SPECIFIC AREAS OF DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
In his first assignment of error, appellant argues he was deprived of his constitutional right to the effective assistance of trial counsel. To demonstrate ineffective assistance of counsel, appellant must satisfy a two prong test: (1) show that counsel's representation fell below an objective standard of reasonableness; and (2) show that counsel's actions prejudiced appellant at trial. Strickland v. Washington (1984), 466 U.S. 668,688, 694, 104 S.Ct. 2052, 2064, 2068. Prejudice means "a reasonable probability that, but for counsel's actions, the result of the proceeding would have been different." Id. at 694,104 S.Ct. at 2068. "If it is easier to dispose if an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." State v. Loza (1994), 71 Ohio St.3d 61, 83, citing Strickland at 697, 104 S.Ct. at 2069.
Appellant argues that trial counsel failed to file a jury demand pursuant to appellant's request. We find nothing in the record to indicate this would have changed the outcome of the trial. See id. Appellant argues his trial counsel lost potentially exculpatory photographs. Appellant does not provide any evidence these photographs would have changed the outcome of the case. Id. Appellant argues that trial counsel failed to request a self-defense instruction. There is no evidence in the record warranting such an instruction. Id. More to the point, jury instructions are unnecessary when the case is not tried to a jury. Appellant argues he was prejudiced by failure of trial counsel to file a motion to have the two cases tried separately. This case was tried to the bench, which eliminates the issue of cumulative or irrelevant evidence being considered. Id. In any event, there is no evidence in this record that separate trials would have affected the outcome. Finally, appellant argues his trial counsel failed to subpoena character witnesses. Appellant does not present any evidence that this omission affected the outcome of the bench trial. Id. None of these items result in prejudice to appellant. The first assignment of error is overruled.
Assignment of Error No. 2:
 THE DEFENDANT/APPELLANT IS EFFECTIVELY DENIED HIS RIGHT TO APPELLATE REVIEW DUE TO UNIQUE CIRCUMSTANCES OF THE DENIAL OF ACCESS TO A TRANSCRIPT (TAPES LOST) AND HIS TRIAL COUNSEL DYING WITHOUT PROVIDING A SUMMARY OF THE TRIAL TO APPELLATE COUNSEL. THIS FAILURE MAKES DEFENDANT/APPELLANT'S ABILITY TO PRESENT ISSUES FOR APPELLATE REVIEW IMPOSSIBLE. SUCH LACK OF TRANSCRIPT AND DEATH OF TRIAL COUNSEL IS CERTAINLY NO FAULT OF THE DEFENDANT/APPELLANTS [SIC] AND PREJUDICES HIS RIGHT TO AN EFFECTIVE APPEAL.
The duty to file a transcript for appeal rests with appellant. App.R. 9(B). When a transcript cannot be prepared, in this case due to a lack of available recording of the hearing, appellant may file a narrative statement of the evidence and/or proceedings. App.R. 9(C); Loc.R. 10(B). We recognize the unique circumstances of this case due to appellant's trial counsel's death. Nevertheless, appellant could have sought to supplement the record "from the best available means," including utilizing "appellant's recollection" of the case. App.R. 9(C). See Statev. Skaggs (1978), 53 Ohio St.2d 162. This statement must be served upon appellee within twenty days of transmission of the record. Id. Objections must be filed within ten days after service. Id. Then, the statement must be approved by the trial court and is included in the record by the clerk of the trial court. Id. Alternatively, the parties could have agreed on a statement to be filed and, after approved by the trial court, included in the record. App.R. 9(D).
Appellant has not attempted to supplement the record. Appellant argues that the state of Ohio has the burden of showing an alternative to a full transcript is sufficient for meaningful appellate review and cites the United States Supreme Court decision in Mayer v. Chicago (1971), 404 U.S. 189, 92 S.Ct. 410
for this proposition. Mayer simply holds that an indigent defendant in a non-felony case is entitled to a "record of sufficient completeness," which may require a verbatim transcript.Mayer at 193, 92 S.Ct. at 416. In this case, appellant is not indigent, a transcript is not available and appellant has chosen not to utilize the Ohio appellate rules or Loc.R. 10(B) to create an alternative record. Appellant has not demonstrated that the alternative procedures of App.R. 9 and Loc.R. 10(B) are inadequate for a meaningful appellate review of his conviction. Id. at 199,92 S.Ct. at 417. The second assignment of error is overruled.
Assignment of Error No. 3:
 THE DEFENDANT/APPELLANT'S SENTENCE, IN THE INSTANT CASES, WAS WITHOUT CONSIDERATION OF THE STATUTORY FACTORS FOR SENTENCING AND IN EXCESS OF A REASONABLE SENTENCE FOR A FIRST TIME OFFENDER, GIVEN THE FACTS AND CIRCUMSTANCES OF THE WITHIN CASE.
In the third assignment of error, appellant alleges his sentence was excessive. We disagree. Appellant was sentenced to one hundred eighty days, with one hundred fifty days suspended, for one count of assault and the same sentence for one count of domestic violence. The two thirty-day jail terms were ordered served consecutively.
In misdemeanor cases, a sentence imposed by the trial court will not be reversed absent an abuse of discretion. State v.Keaton (1996), 113 Ohio App.3d 696, 707. "The statutory criteria of R.C. 2929.22 do not control the trial court's discretion; rather, the criteria provide a guide in exercising sentencing discretion." Id. A failure by the trial court to consider R.C.2929.22 constitutes an abuse of discretion, but this court will presume the trial court followed the statutory criteria, absent a contrary showing. Id. at 708. Appellant has the burden to show the statutory criteria were not considered. Id.
The sentence was within the statutory guidelines. Appellant has not utilized App.R. 9 and Loc.R. 10(B) to supplement the record with the trial court's reasoning in sentencing appellant. Accordingly, we presume the trial court followed R.C. 2929.22 and acted within its discretion. State v. Adams (1988), 37 Ohio St.3d 295, paragraph three of syllabus. The third assignment of error is overruled.
Judgment affirmed.
YOUNG and WALSH, JJ., concur.