OPINION
Appellant Forrest Jamieson appeals the December 6, 1999 Judgment Entry of the Ashland County Court of Common Pleas which imposed sentence on convictions for gross sexual imposition. Appellee is the State of Ohio.
On January 29, 1999, appellant was indicted on one count of rape in violation of R.C. 2907.02(A)(1)(b), and two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4). Appellant pled guilty on March 18, 1999 to the charges of gross sexual imposition. The trial court accepted the guilty pleas and dismissed the remaining rape count.
The state filed a motion requesting that the court determine appellant to be a sexual predator. On April 8, 1999, the court issued a notice that the sexual predator hearing would be conducted at the sentencing hearing. On April 15, 1999, the court proceeded to sentence appellant to consecutive prison terms of five years on one count of gross sexual imposition and four years on the second count of gross sexual imposition. The court continued the hearing on the sexual predator issue to April 22, 1999. In a decision filed May 19, 1999, the court found appellant to be a sexual predator.
Appellant appealed the sentences to this Court, which vacated the five-year sentence imposed on count two of the indictment. We remanded to the trial court to conduct an analysis of whether the particular offense was one of the "worst forms of the offense," whether appellant posed "the greatest likelihood of committing future crimes," or whether any other provision of R.C. 2929.14(C) would apply. We affirmed the four-year sentence on the third count of the indictment. See State v. Jamieson (Nov. 2, 1999), Ashland App. No. 1999COA01296, unreported ("Jamieson I").
Appellant thereafter appeared for re-sentencing on November 29, 1999, where the trial court imposed the same sentence that was originally appealed from. Appellant timely filed a notice of appeal of said judgment entry and sets forth the following Assignments of Error for our consideration.
 I. THE TRIAL COURT ERRED IN ASSESSING THE MAXIMUM POSSIBLE SENTENCE ON COUNT TWO WHEREIN IT ALSO IMPOSED SENTENCING IN COUNT THREE OF THE INDICTMENT.
 II. THE TRIAL COURT ERRED IN RUNNING THE SENTENCES IN COUNT TWO AND THREE OF THE INDICTMENT CONSECUTIVELY.
 III. THE TRIAL COURT ERRED IN GIVING A DISPROPORTIONATE SENTENCE TO THE DEFENDANT IN COMPARISON TO OTHER SENTENCES GIVEN BY THIS COURT FOR MORE SERIOUS SIMILAR CHARGES.
 I.
In his First Assignment of Error, appellant asserts that the trial court erred in imposing the maximum sentence on count two where it also imposed a sentence on count three. We disagree. We previously vacated the trial court's initial sentence because the court failed to make specific findings under R.C. 2929.14
justifying the maximum sentence. Upon remand, however, the trial court did make the requisite finding that appellant "poses the greatest likelihood of committing future crimes."
Initially, we no longer review felony sentencing under an abuse of discretion standard. After the enactment of Senate Bill 2 in 1995, an appellate court's review of an appeal from a sentence was modified, as per R.C. 2953.08:
 (G)(1) The court hearing an appeal of a sentence * * * may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds any of the following:
(a) That the record does not support the sentence;
* * *
(d) That the sentence is otherwise contrary to law.
Accordingly, we review the sentence under these guidelines.
R.C. 2953.08(F) sets forth the record an appellate court must review. It provides in pertinent part:
 (F) On the appeal of a sentence under this section, the record to be reviewed shall include all of the following, as applicable:
 (1) Any pre-sentence, psychiatric, or other investigative report that was submitted to the court in writing before the sentence was imposed. * * *
 (2) The trial record in the case in which the sentence was imposed;
 (3) Any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed.
 (4) Any written findings that the court was required to make in connection with the modification of the sentence pursuant to judicial release under division (H) of section 2929.20 of the Revised Code.
In addition to the items contained in the record herein, we have reviewed the pre-sentence investigation report. Our analysis begins with R.C. 2953.08(A), the statute allowing for appeals of right under certain conditions:
 (1) The sentence consisted of or included the maximum prison term allowed for the offense * * * and the court imposed it under one of the following circumstances:
(a) The sentence was imposed for only one offense.
 (b) The sentence was imposed for two or more offenses arising out of a single incident, and the court imposed the maximum prison term for the offense of the highest degree.
* * *
(4) The sentence is contrary to law.
Appellant has the right to appeal sentences which are contrary to law. However, appellant cannot make such a showing here. His sentence falls within the R.C. 2929.14 range established for felonies of the third degree. R.C. 2929.14(C) sets forth the following conditions under which a trial court may impose a maximum sentence:
 (C) * * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
We read this statute in the disjunctive. See State v.Comersford (June 3, 1999), Delaware App. No. 98CA01004, unreported, at 2. Consequently, a maximum sentence may be imposed if the trial court finds any of the above-listed offender categories apply.
In Jamieson I, the trial court reviewed the statutory purposes of felony sentencing, and analyzed the facts of the case in light of the seriousness and recidivism factors contained in R.C.2929.12 and 2929.13. As noted, the trial court found that the maximum sentence was necessary, but failed to conduct the analysis required under R.C. 2929.14(C). However, upon re-sentencing, the court made the following specific finding:
 Whereupon, the Court specifically found, based upon the pre-sentence investigation report, that, pursuant to Section 2929.14(C) of the Ohio Revised Code, the Defendant poses the greatest likelihood of committing future crimes.
Judgment Entry, December 6, 1999, at 1.
Based on the information made available at first sentencing hearing and the sexual predator hearing, the trial court imposed the same sentence. This information includes a review of an extensive pre-sentence investigation report, a statement from the victims' mother, and arguments of counsel. The court also noted appellant's prior record, which included juvenile and adult convictions, and the fact that he had previously been on probation. Tr. at 9. The court found that the recidivism factors "weigh heavily" against appellant. Id. The court considered the ages of the victims, the fact that appellant had used his position of trust to commit the crimes, and the "serious psychological harm" appellant caused the children. Tr. at 10. After considering these factors, the court imposed a sentence within the statutory parameters.
The trial court found on the record that appellant poses the greatest likelihood of committing future crimes. Despite appellant's dubious concern that " * * * words were interlineated in the resentencing to satisfy a technicality" (Appellant's Brief at 7), we hold that the record supports the sentence. Hence, the trial court did not err in sentencing appellant to the maximum sentence under R.C. 2929.14(C).
Appellant's First Assignment of Error is overruled.
 II.
In his Second Assignment of Error, appellant contends that the trial court erred in imposing consecutive sentences. We disagree. R.C. 2929.14(E)(4) provides:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Upon review of the record of the sentencing hearing, we hold that the court did make the required statutory findings before sentencing appellant to consecutive terms. The Court found that:
 1. Consecutive sentences are necessary in this case in order to protect the public from future crime by the offender;
 2. Consecutive sentences are not disproportionate to the crime; and
 3. Based on a history of criminal conduct, consecutive sentences are necessary to protect the public from future crime by this offender.
Judgment Entry, December 6, 1999, at 1.
The trial court based its findings on the pre-sentence investigation report and the Judge's own observations at the first sentencing hearing and the sexual predator hearing. The court noted that the offenses are part of a pattern of criminal conduct and were committed against children with whom appellant enjoyed a position of trust. Tr. at 9-11. The court then made the required findings on the record to justify consecutive sentences. Tr. at 11. These findings are entitled to considerable deference and are presumed valid. See State v. Adams (1988), 37 Ohio St.3d 295,297.
Appellant's Second Assignment of Error is overruled.
 III.
In his Third Assignment of Error, appellant maintains that the trial court erred in giving a disproportionate sentence to the defendant in comparison to other sentences given by this court for similar charges. We disagree.
Appellant claims that subsequent to his own sentencing on two counts of gross sexual imposition, the trial court in another case sentenced Michael W. Barnes to only three years in prison on one count of rape. Appellant points to R.C. 2929.11(B), which states that sentences imposed for a felony shall be "consistent with sentences imposed for similar crimes committed by similar offenders." While appellant's sentence may appear harsher than that of Mr. Barnes', an appellate court will not review a trial court's exercise of discretion in sentencing when the sentence is authorized by statute and is within the statutory limits. Statev. Hill (1994), 70 Ohio St.3d 25, 29. The trial court followed the sentencing scheme as permitted by R.C. 2929.14(A)(3), which provides that the penalty for a felony of the third degree is a prison term of "two, three, four, or five years." The sentence was within the statutory limits and, for this reason, we will not interfere with the trial court's exercise of discretion.
We also note that appellant's argument is not properly raised at the appellate level. Pursuant to App R 16, appellant shall include in its brief:
 (A)(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.
An appellate court need not consider an error which a party complaining of the trial court's judgment could have called but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.State v. Williams (1977), 51 Ohio St.2d 112, syllabus paragraph one. The record does not indicate that appellant raised the issue of disproportionate sentences at any time during sentencing or when appellant appeared before the court following his sentencing for his sexual predator hearing.
Accordingly, appellant's Third Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P.J., and Edwards, J., concur.
______________________________ JUDGES JUDGMENT ENTRY For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed.