OPINION
This is an accelerated calendar case arising out of the Lake County Court of Common Pleas. Appellant, David I. Hawley, appeals the judgment of the trial court imposing the maximum sentence of twelve months for his conviction of theft, a fifth degree felony.
The facts relating to the underlying crime are not in dispute. Appellant stole $1,750 from King Excavating, which is located in the City of Eastlake, Ohio, in July 1998. Appellant was subsequently charged with theft, a felony of the fifth degree, in violation of R.C. 2913.02(A)(1). On May 5, 2000, appellant pled guilty to the above charge.
The trial court, thereafter, issued a sentence to Hawley on June 2, 2000. The sentence ordered Hawley to serve twelve months in the Lorain Correctional Institution in Grafton, Ohio. The twelve-month sentence was the maximum allowable sentence for a fifth degree felony according to R.C. 2929.14(A)(5).
Appellant raises the following assignment of error in this appeal:
 "The trial court abused its discretion by sentencing the Defendant-Appellant to the maximum term of imprisonment for a felony of the fifth degree."
 In his brief, appellant argues that the trial court did not consider the factors relating to the seriousness of the conduct as required by R.C. 2929.12(A). The factors relating to the seriousness of the conduct are set forth in R.C. 2929.12(B) and (C). In its judgement entry the trial court stated that it had "balanced the seriousness and recidivism factors under R.C. 2929.12." Appellant contends that this was merely "boilerplate" language, and the court did not consider these factors because there was no mention of the specific factors in the judgment entry or in the record of the sentencing hearing.
Although the judgment entry does not mention that the court considered each of the factors relating to the seriousness of the conduct under R.C. 2929.12(B) and (C) individually, it does indicate that the court considered the factors as a whole. We must presume that the trial court did consider those factors, as a silent record raises this presumption.State v. Adams (1988), 37 Ohio St.3d 295, paragraph three of the syllabus.
The trial court also stated it considered the factors relating to recidivism pursuant to R.C. 2929.12(D) and (E) in the judgment entry. Again, this language alone would be adequate to satisfy the presumption that the court has considered these factors under Adams. Additional evidence that the court took the appropriate steps in considering the factors of recidivism can be found in the transcript of the sentencing hearing. We, therefore, hold that the trial court did not commit error and that it adequately considered all of the factors of R.C. 2929.12
(B), (C), (D), and (E) in determining appellant's sentence.
The key issue in this case is whether or not the trial court could impose the maximum sentence on the appellant. The relevant statute is R.C. 2929.14(C), which requires that at least one of the criteria included therein be satisfied in order to impose the maximum sentence. A court may impose the maximum sentence upon the following types of defendants: (1) offenders who have committed the worst forms of the offense, (2) offenders who pose the greatest likelihood of committing future crimes, (3) certain major drug offenders under division (D)(3) of this section, and (4) upon certain repeat violent offenders.
The trial court stated in its judgment entry that the reason for imposing the maximum sentence on this defendant was that the defendant posed the greatest likelihood of recidivism. The trial judge viewed this case as a classic example of recidivism. We agree. Appellant has a lengthy misdemeanor criminal record. The record also indicates that appellant committed this offense six days, a mere one hundred forty-four hours, after being placed on probation by the Willoughby Municipal Court for an assault charge. Certainly, an individual who commits a felony less than a week after being given a second chance from the legal system has the propensity to commit future crimes.
The trial court must provide reasons for its decision to impose the maximum sentence for a single offense pursuant to R.C. 2929.14(C). Statev. Donald (Sept. 22, 2000), Lake App. No. 99-L-128, unreported, 2000 Ohio App. LEXIS 4369, *4. The court's rationale and reasoning for this determination was clearly stated in the record at the sentencing hearing, where the court stated:
 "The aggravating factors the Court finds is that the victim suffered economic harm, and recidivism factors that the Defendant is more likely to commit an offense in the future because of prior criminal activity, many, many, prior involvements with the law, rehabilitation failure after previous convictions, drug and alcohol abuse, tested positive at the referral time."
 The court has provided its reasoning in support of its determination that appellant posed the greatest likelihood of recidivism.
Only one of the factors of R.C. 2929.14(C) needs to be met in order to impose the maximum sentence on the defendant. State v. Raphael (Mar. 24, 2000), Lake App. No. 98-L-262, unreported, 2000 Ohio App. LEXIS 1200, *10. Therefore, since the trial court has satisfied the second criterion of the statute, recidivism, the maximum sentence was supported by the record.
The trial court has complied with all applicable statutes in its decision to impose the maximum sentence on appellant. We accordingly hold that the trial court did not abuse its discretion by sentencing appellant to the maximum term of twelve months. Appellant's assignment of error is without merit.
The decision of the trial court is affirmed.
 ____________________________ JUDGE WILLIAM M. O'NEILL
NADAR J., GRENDELL J., concur.