OPINION
{¶ 1} On August 20, 2004, the Fairfield County Grand Jury indicted appellant, Travis Sims, on one count of driving while under the influence in violation of R.C. 4511.19, a felony of the fourth degree. The indictment alleged that appellant had three similar convictions within a six year period.
 {¶ 2} On December 6, 2004, appellant filed a motion to dismiss/motion in limine, claiming one of his prior convictions involved an uncounseled plea and therefore could not be used for enhancement purposes. By entry filed February 14, 2005, the trial court denied the motion. Upon reconsidering the motion, the trial court held a hearing on May 19, 2005. By entry filed August 22, 2005, the trial court again denied the motion.
 {¶ 3} A bench trial commenced on August 30, 2005. By entry of verdict filed September 12, 2005, the trial court found appellant guilty and found he had been convicted of similar offenses on three prior occasions as stated in the indictment. The trial court sentenced appellant to sixty days in jail followed by five years of community control.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT ERRED IN USING THE DEFENDANT-APPELLANT'S PRIOR UNCOUNSELED CONVICTION FOR PURPOSES OF ENHANCING THE INSTANT OFFENSE FROM A MISDEMEANOR TO A FELONY"
 I {¶ 6} Appellant claims the trial court erred in using a prior uncounseled conviction to enhance his offense to a felony. We disagree.
 {¶ 7} As stated by this court in State v. Lamb (October 15, 2002), Stark App. No. 2002-CA-00083:
 {¶ 8} "When a defendant raises a constitutional question concerning a prior conviction, he must lodge an objection as to the use of this conviction, and he must present sufficient evidence to establish a prima facie showing of constitutional infirmity. State v. Adams (1988), 37 Ohio St. 3d 295, paragraph two of the syllabus. A reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law, and a defendant must introduce evidence to the contrary in order to establish a prima facie showing of constitutional infirmity. State v. Brandon (1989),45 Ohio St. 3d 85, syllabus. A defendant is not required to be represented by counsel at the prior misdemeanor hearing, in order to use the conviction for enhancement, unless actual imprisonment is imposed, and the record indicates that the defendant was indigent or financially unable to obtain counsel in the prior conviction.State v. Gerwin (1982), 69 Ohio St. 2d 488, 491, citing Scottv. Illinois (1979), 440 U.S. 367, and Baldasar v. Illinois
(1980), 446 U.S. 222."
 {¶ 9} Appellant argues his December 9, 1998 conviction in Fairfield County Municipal Court Case No. 98-TRC13433 involved an uncounseled plea and therefore could not be used for enhancement purposes. Appellant did not file a transcript of the May 19, 2005 hearing for our review. Exhibit A filed during the August 30, 2005 bench trial includes a waiver of counsel form signed by appellant in the complained of case. Appellant has not brought forth any evidence to demonstrate that such waiver was not entered into knowingly, voluntarily, and willingly. Further, appellant has not presented any evidence that he was indigent during the prior case. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 10} Upon review, we find the trial court did not err in using the complained of prior conviction.
 {¶ 11} The sole assignment of error is denied.
 {¶ 12} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed.