[Cite as *State v. Bollinger*, 2019-Ohio-2292.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| KRYSTIE JO BOLLINGER, | : | Case No. CT2018-0067 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Zanesville Municipal
                                                          Court, Case No. CRB1800197

JUDGMENT:                                     Affirmed

DATE OF JUDGMENT:                      June 6, 2019

APPEARANCES:

For Plaintiff-Appellee                              For Defendant-Appellant

DAVID J. TARBERT                                ERIC J. ALLEN
EMILY STRANG TARBERT                      The Law Office of Eric J. Allen, Ltd.
SCOTT D. EICKELBERGER                   4200 Regent St., Suite 200
City of Zanesville, Law Director's Office    Columbus, Ohio 43219
401 Market Street, Suite 209
Zanesville, Ohio 43701

*Baldwin, J.*

{¶1}  Defendant-appellant Krystie Jo Bollinger appeals her sentence from the Zanesville Municipal Court. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}  On or about February 12, 2018, appellant dropped off a flyer at St. Nicholas Church in downtown Zanesville. The flyer requested money for a domestic violence charity. After receiving a complaint from the church secretary, who was suspicious, the Zanesville Police Department provided the Church with $100.00 in bait money and, after the Church called appellant, waited outside for appellant to come and collect the funds. Appellant showed up at the Church shortly thereafter, collected the money and was arrested.  The charity had advised the police that there was no charity event planned, that appellant was not a part of their organization, and that their logo was being used by appellant without permission. Appellant was charged with petty theft (by deception) and possession of criminal tools, both misdemeanors of the first degree.  At her arraignment on February 13, 2018, appellant entered a plea of not guilty to the charges.

{¶3}  At a plea hearing on April 5, 2018, appellant pleaded guilty to theft by deception and appellee agreed to dismiss the remaining charge. At appellant's request, the trial court deferred sentencing. Appellant was referred to the probation department for possible drug/mental health assessment and the trial court stated that if treatment was suggested and completed, it would consider dismissing the charges. At the plea hearing, the trial court told appellant that she had an opportunity to help herself and to "take advantage of it and do it." Transcript of April 5, 2018 hearing at 9.

**{¶4}** On September 20, 2018, a warrant was issued due to appellant's failure to appear at a follow up hearing.

**{¶5}** A sentencing hearing was held on October 2, 2018. The trial court, as memorialized in a Judgment Entry filed on October 2, 2018, sentenced appellant to sixty (60) days in jail with thirty (30) days suspended on the petty theft charge. The trial court also found appellant in contempt of court for failure to appear at a prior sentencing hearing and sentenced her to ten (10) days in jail, to run consecutively, for an aggregate sentence of forty (40) days in jail. The trial court also fined appellant $200.00.

**{¶6}** Appellant now raises the following assignment of error on appeal:

**{¶7}** "I. THE TRIAL COURT ERRED BY IMPOSING A SENTENCE WHICH INCLUDED A DEFINITE JAIL TERM OF FORTY DAYS."

I

**{¶8}** Appellant, in her sole assignment of error, argues that the trial court erred in sentencing her to forty days in jail. We disagree.

**{¶9}** Misdemeanor sentencing rests in the sound discretion of the trial court. R.C. 2929.22(A). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217. 450 N.E.2d 1140 (1983). There is no requirement that a trial court, in sentencing on misdemeanor offenses, specifically state its reasons on the record. *State v. Harpster,* 5th Dist. Ashland No. 04COA061, 2005-Ohio-1046, ¶ 20.

**{¶10}** R.C. 2929.22 governs sentencing on misdemeanors and states, in relevant part, the following:

**{¶11}** "(B)(1) In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:

**{¶12}** "(a) The nature and circumstances of the offense or offenses;

**{¶13}** "(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

**{¶14}** "(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

**{¶15}** "(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

**{¶16}** "(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section.

**{¶17}** "(2) In determining the appropriate sentence for a misdemeanor, in addition to complying with division (B)(1) of this section, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code.

**{¶18}** "(C) Before imposing a jail term as a sentence for a misdemeanor, a court shall consider the appropriateness of imposing a community control sanction or a

combination of community control sanctions under sections 2929.25, 2929.26, 2929.27, and 2929.28 of the Revised Code. A court may impose the longest jail term authorized under section 2929.24 of the Revised Code only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future crime."

{¶19} R.C. 2929.21 as referenced in R.C. 2929.22(B)(2) states the following in pertinent part:

> A court that sentences an offender for a misdemeanor or minor misdemeanor violation of any provision of the Revised Code, or of any municipal ordinance that is substantially similar to a misdemeanor or minor misdemeanor violation of a provision of the Revised Code, shall be guided by the overriding purposes of misdemeanor sentencing. The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public.

{¶20} There is nothing in the misdemeanor sentencing statute that requires the court to set forth its analysis regarding the purposes and principles of sentencing. See R.C. 2929.21; 2929.22. Rather, we presume the court considered the factors unless the record affirmatively shows that the court failed to consider the principles and purposes of

sentencing or the sentence is strikingly inconsistent with the relevant considerations. *State v. James,* 7th Dist. Columbiana No.07CO47, 2009-Ohio-4392, ¶ 50 (in a felony case), relying on *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988). Thus, a silent record raises the rebuttable presumption that the sentencing court considered the statutory sentencing criteria. *Id.*

**{¶21}** Appellant specifically contends that the record does not support the imposition of a definite jail sentence. At the sentencing hearing, the trial court noted that appellant was supposed to be going to Muskingum Valley or Allwell for counseling and told the court that she was doing great, but did not make it to counseling very often and only attended counseling two or three times over a period of three months. While appellant indicated to the trial court that she would be happy to go to outpatient treatment through Allwell for a drug problem, the trial court voiced concerns that appellant did not do what she said that she was going to do. Appellant had admitted to using Adderall without a prescription and to smoking marijuana, but claimed that she was not using anymore.

**{¶22}** Based on the foregoing, we find that the trial court did not abuse its discretion in sentencing appellant to a definite jail sentence. The trial court's decision was not arbitrary, unconscionable or unreasonable.

**{¶23}** Appellant's sole assignment of error is, therefore, overruled.

{¶24} Accordingly, the judgment of the Zanesville Municipal Court is affirmed.

By: Baldwin, J.

Wise, John, P.J. and

Wise, Earle, J. concur.