[Cite as *State v. Sims*, 2023-Ohio-3758.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2023-T-0028 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| DARRELL E. SIMS, | |
| Defendant-Appellant. | Trial Court No. 2022 CR 00794 |

**O P I N I O N**

Decided: October 16, 2023
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Sean P. Martin*, 113 North Chestnut Street, Suite A, Jefferson, OH 44047 (For Defendant-Appellant).

JOHN J. EKLUND, P.J.

{¶1} Appellant, Darrell Sims, appeals his sentence from the Trumbull County Court of Common Pleas. He specifically asserts that the trial court erred in imposing consecutive sentences. For the following reasons, we affirm the trial court's judgment.

{¶2} On May 30, 2023, Appellant pled guilty to two counts of Burglary, second-degree felonies in violation of R.C. 2911.12(A)(2)(D). The court sentenced Appellant to thirty-six months imprisonment on each count. The court ordered that Appellant's sentences be served consecutively. At sentencing and on the judgment entry of

sentence, the court made all statutorily required findings to impose consecutive sentences.

{¶3} Appellant timely appeals and raises one assignment of error:

"The trial court improperly imposed consecutive sentencing upon the Appellant."

{¶4} Appellant does not argue that the trial court's imposing consecutive sentences was unsupported by the record under R.C. 2929.14(C)(4). Nor does he argue that the court failed to make the statutorily required findings. Instead, Appellant contends that the trial court improperly applied R.C. 2929.11 and 2929.12 when imposing consecutive sentences. He specifically asserts: "Had the trial court properly applied the purposes, principles, and factors of sentencing the Appellant would clearly have been subject to concurrent sentencing."

{¶5} Appellant's argument is misguided. Neither R.C. 2929.11 nor 2929.12 requires a court to "apply" the purposes and principles of felony sentencing. R.C. 2929.11(A) requires that a court be "guided" by the overriding purposes and principles, while R.C. 2929.12(A) generally grants a court discretion to determine the most effective way to "comply with" them and to "consider" certain factors in doing so. To be clear, Appellant's argument conflates the statutory requirements; whether or not the court applied certain factors, or the purposes and principles of felony sentencing, has nothing to do with whether the court "considered" them or was "guided" by them.

{¶6} Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify consecutive sentences imposed under R.C. 292914(C)(4) if it clearly and convincingly finds that: (a) the record does not support the sentencing court's findings; or (b) the sentence is otherwise contrary to law.

2

{¶7} But, "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42. When sentencing, a "trial court is not required to give any particular weight or emphasis to a given set of circumstances; it is merely required to consider the statutory factors in exercising its discretion." *State v. Delmanzo*, 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶ 23. A sentencing court fulfills its duties under R.C. 2929.11 and 2929.12 when it states that it considered them. *State v. DeLuca*, 11th Dist. Lake No. 2020-L-089, 2021-Ohio-1007, ¶ 18. Moreover, "[e]ven a 'silent record raises the presumption' that the sentencing court considered all relevant factors." *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph three of the syllabus.

{¶8} There is nothing in the record to demonstrate that the trial court failed to "consider" R.C. 2929.11 and 2929.12. The trial court fulfilled its duty by stating that it "considered" them.

{¶9} Insofar as Appellant argues that the trial court should not have sentenced him to consecutive sentences, he fails to argue that the trial court did not comply with the requirements under R.C. 2929.14(C)(4). Pursuant to App.R. 16(A)(7), it is Appellant's duty to do so. The appellate court will not construct an argument on his behalf.

{¶10} Appellant's assignment of error is without merit.

Case No. 2023-T-0028

{¶11} We affirm the judgment of the Trumbull County Court of Common Pleas.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.