OPINION
Defendant Kelly Sue Greene appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, which terminated the marriage of appellant and plaintiff Michael Allen Greene, divided the marital property, appointed appellee the residential parent of the parties' minor son, and awarded child support and spousal support. Appellant assigns six errors to the trial court:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED IN FAILING TO USE THE STANDARD OF "BEST INTERESTS OF THE CHILD" AS REQUIRED BY O.R.C. § 3109.04.
 II. AN AWARD OF $2,000 PER MONTH SPOUSAL SUPPORT BASED ON THE PARTIES' ANNUAL INCOMES IS INADEQUATE.
 III. THE TRIAL COURT ERRED IN NOT SETTING A VALUE FOR BUSINESS.
 IV. THE FAILURE TO DECIDE THIS CASE WITHIN 90 DAYS OF THE FINAL HEARING.
 V. FAILURE TO AWARD CHILD SUPPORT AND SPOUSAL SUPPORT RETROACTIVE.
 VI. THE COURT ERRED FAILING TO GRANT APPELLANT INTEREST ON THE $210,000.
Appellee assigns four errors to the trial court as a cross assignment:
 I. THE TRIAL COURT ERRED BY FAILING TO ORDER THE APPELLANT TO PAY CHILD SUPPORT TO THE APPELLEE.
 II. TRIAL COURT ERRED IN ITS RULINGS ON THE ISSUE OF SPOUSAL SUPPORT AS FOLLOWS:
A. BY ORDERING APPELLEE TO PAY SPOUSAL SUPPORT.
 B. BY NOT PROVIDING A DEFINITE TERMINATION DATE FOR THE PAYMENT OF SPOUSAL SUPPORT.
 III. TRIAL COURT ERRED IN NOT DIVIDING APPELLANT'S MUTUAL FUNDS.
 IV.THE TRIAL COURT ERRED IN ADMITTING APPELLANT'S EXHIBITS CD.
The record indicates the parties were married nearly 22 years, and have a minor child who at the time of the hearing was almost 7 years old. Appellant was a stay-at-home mother but intended to return to work once the child started school. Appellee is an Xerox sales representative. His business is a corporation, but he is the sole employee. The record indicates the business has limited tangible assets, and its success depends entirely on appellee's personal efforts.
After the trial court entered the decree of divorce, appellant moved for separate findings of fact and conclusions of law, and the court directed the parties to prepare and file proposed findings of fact and conclusions of law. Appellant did not comply.
We will address appellant's assignments of error first.
 I
In her first assignment of error, appellant argues the trial court did not apply the standard of best interest of the child because it failed to apply any of the factors contained in R.C. 3109.04.
In the judgment decree of divorce filed January 17, 2001, the trial court noted appellee offered several witnesses in support of his request to be the residential parent while appellant offered only her own testimony. The trial court further stated it had considered all the factors contained in R.C. 3109.04, and found the best interest of the child to be in what the court referred to as a shared-parenting plan, but which makes appellee the residential parent.
In Fitch v. Fitch (December 6, 1993), Licking Appellate Nos. 93CA45 and 93CA58, unreported, this court reviewed the trial court's decision that the appellant had waived his request for findings of fact and conclusions of law. In Fitch, the trial court found, and this court agreed, appellant's proposed findings of fact and conclusions of law were merely argumentative, and did not assist the trial court in making the findings of fact and conclusions of law appellant had requested. This court found the appellant's actions there constituted a withdrawal or waiver of the motion for findings of fact and conclusions of law, Fitch at 2, citations deleted.
Here, appellant moved for findings of fact and conclusions of law but did not provide the trial court with a proposal to assist it in its task. Appellant has therefore waived or withdrawn her motion.
Where findings of fact and conclusions of law are not requested by the parties, the statute itself does not require the court to make findings or discuss each of the factors. The trial court has stated it has reviewed the various factors with regard to this case, and this court cannot reverse given that statement, see Fitch, supra, at 6, citations deleted.
Our standard of reviewing a trial court's determinations in a domestic relations case has always been the abuse of discretion standard, seeBooth v. Booth (1989), 44 Ohio St.3d 142 at 144. The Supreme Court made the abuse of discretion standard applicable to custody proceedings inMiller v. Miller (1988), 37 Ohio St.3d 71. The Supreme Court has frequently defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary, or unconscionable, see e.g.,Blakemore v. Blakemore (1983), 5 Ohio St.3d 217 at 219.
Our review of the record herein leads us to conclude the trial court was not required to make findings of fact and conclusions of law, and did not abuse its discretion in fashioning the shared parenting plan.
The first assignment of error is overruled.
 II
In her second assignment of error, appellant argues the award of $2,000 per month as spousal support is inadequate. Appellant alleges the trial court did not properly follow the guidelines contained in R.C. 3105.18. Again, we find the trial court was not required to discuss the factors in detail because it was not required to make findings of fact and conclusions of law.
The trial court noted appellant was receiving $250,000 in marital assets, which would generate investment income for her. Appellant argues that because the marital assets were divided equally between the parties, any investment income her award might generate would be offset by a similar amount attributable to appellee's portion. The trial court found appellee's income was $180,000.
In the decree of divorce, the court reviewed the extensive property division, and determined spousal support was appropriate and reasonable based upon the factors enumerated in R.C. 3105.14. The court also noted appellant had an option to seek employment, although it did not specifically find her to be voluntarily under employed. The court, retaining jurisdiction over the issue of spousal support, stated appellant's employment status would not be a factor in any modification.
The trial court discussed the tax implications which would result from the court's disposition of the property and the custodial award, and concluded the award of $2,000 per month as spousal support was both adequate and reasonable.
In Blakemore, supra, the Supreme Court made the abuse of discretion standard discussed above in I, supra, applicable to spousal support cases. Our review of this record leads us to conclude the trial court did not abuse its discretion.
The second assignment of error is overruled.
 III
Next, appellant argues the trial court did not set a value on appellant's business. Both appellee and the trial court note appellant made no effort to have the business evaluated and a report prepared for trial. In fact, the trial court extensively discussed the business, and retained jurisdiction over the matter, because the spousal support order was predicated on the appellee's business continuing as it has.
The trial court awarded appellee the tangible business assets, finding that although it was incorporated it was essentially a personal service operation and as such, depended upon the appellee's efforts. As a result, the court found there was no value outside the tangible assets, because the good-will value is also wholly dependent upon appellee's efforts. Any other value the business would have would be based upon the income appellee generates, which the trial court reviewed and divided between the parties.
The Supreme Court made the abuse of discretion standard, I, supra,
applicable to marital property divisions in Martin v. Martin (1985),18 Ohio St.3d 292. We have reviewed the record, and we find the trial court did not abuse its discretion in its evaluation and division of appellee's business.
The third assignment of error is overruled.
 IV
In her fourth assignment of error, appellant argues the trial court erred in not deciding the case within 90 days of the final hearing as required by C. P. Sup.R. 6, and this renders the decision tainted and warrants reversal and a new trial. Appellant cites no authority for this proposition.
Appellant also asserts the court reporter was not present at the hearing and no recording devise was activated, leaving her with no official record of the proceedings. This, she argues, makes it even more incumbent upon the trial court to render a decision within the 90-day time period.
Pursuant to Local Rules, a party must request a record be made of the hearing prior to its start. Neither appellant nor appellee made such a request, and instead decided to utilize App. R. 9(C) in developing a record for this appeal.
The fourth assignment of error is overruled.
 V
In her fifth assignment of error, appellant urges the trial court should have awarded her spousal support and child support retroactive to the date she filed her motion for them. Appellant states she filed the motion for temporary support on May 24, 1999, at a time when she had custody of the child. The trial court awarded temporary child support on October 5, 1999, but did not make it retroactive for the five previous months.
Appellee responds the matter was referred to a magistrate, who awarded temporary support effective August 9, 1999. Appellee also points out appellant had some $6,000 of liquid marital assets available to her during the pendency of her motion for temporary support.
We find the trial court did not err in making a prospective award of temporary child and spousal support during the pendency of this matter.
The fifth assignment of error is overruled.
 VI
In her sixth assignment of error, appellant urges the court should have awarded her interest on some $210,000 of marital funds appellee drew from their joint account and sequestered for his use.
Appellee states he did not secrete these funds because appellant's counsel was aware of appellee's actions.
We have reviewed the record, and find it is silent on this issue. A silent record is the presumption that a trial court acted appropriately,Fitch, supra, citing State v. Adams (1988), 37 Ohio St.3d 295.
The sixth assignment of error is overruled.
We will now address appellee's cross-assignments of error.
 I
In his first cross assignment of error, appellee/cross-appellant urges the trial court failed to order appellant to pay child support to appellee.
In its shared-parenting plan, the court stated the child support guideline amount would be $220.38 per month. The court found because of the disparity of incomes, it would be inappropriate and not in the best interest of the child, or either party, to order support. The trial court also found because the parties lived some distance apart, placing a child support obligation on the appellant could impair her exercise of her visitation rights. The court concluded it was in the best interest of all parties concerned, not just the child, that no child support be paid at this time by the appellant.
Appellee cross-appellant cites us to R.C. 3113.215, which directs the court to order payment of support. Appellee concedes, however, that the court may modify the support award if it finds it is unjust or inappropriate to the child or either parent, and not in the child's best interest. Appellee admits two factors the statute lists as reasons for deviation of support orders exist here, namely, disparity in income between the households and the relative financial resources and needs of each parent, Nevertheless, appellee urges the situation does not justify an award of no support.
In Pauly v. Pauly (1997), 80 Ohio St.3d 386, the Supreme Court held a decision to deviate from the statutory guidelines is vested in the broad discretion given to a trial court. Mindful of our standard of review, we find the trial court did not abuse its discretion in deviating from the guideline amount.
The first cross-assignment of error is overruled.
 II
In his second cross-assignment of error, appellee/cross-appellant contests the court's determination of spousal support. Appellee urges that because appellant was not obligated to pay child support, based upon their previous modest life-style, the significant property division, and her employability, she is able to meet all her living expenses, and an award of support was inappropriate. Appellee/cross-appellant also urges the court should have set a definite termination date for the payment of the spousal support given the duration of the marriage and appellant's ability to become self-supporting.
We have reviewed the record, and we find the trial court did not abuse its discretion in fashioning this award of support. Accordingly, the second cross-assignment of error is overruled.
 III
In his third cross-assignment of error, appellee/cross-appellant urges the trial court erred in its division of marital property. Appellee urges appellant hid some $13,000 worth of assets, and when this came to light, the trial court refused to divide it.
The record does not demonstrate this error, and for this reason we accord the trial court the presumption of regularity.
The third assignment of error is overruled.
 IV
In his fourth cross-assignment of error, appellee/cross-appellant argues the court erred in admitting certain exhibits appellant offered at trial, but did not disclose in discovery.
In reviewing a trial to the bench, an appellate court generally presumes a trial court considers only relevant competent and credible evidence in reaching its decision, see, e.g. State v. Wiles (1991),59 Ohio St.3d 71.
Further, the Ohio Supreme Court has directed us to review the total award the trial court has made, rather than engaging in a piece-meal review of individual factors, Briganti v. Briganti (1984), 9 Ohio St.3d 220
at 222.
We accord the trial court the presumption of regularity, and defer to its discretion. The fourth cross-assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, is affirmed.
By GWIN, P.J., HOFFMAN, J., and FARMER, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, is affirmed. Costs to be split between the parties.