[Cite as *State v. Bennett*, 2011-Ohio-3387.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.   95654

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEONTE BENNETT

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-535160, CR-535402, and CR-538045

**BEFORE:**     Boyle, J., Blackmon, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**   July 7, 2011

**ATTORNEYS FOR APPELLANT**

Aaron T. Baker
Aaron T. Baker Co., L.P.A.
P.O. Box 824
Willoughby, Ohio   44096

William L. Summers
William L. Summers & Associates Co., L.P.A.
Landerbrook Corporate Center II
5910 Landerbrook Drive, Suite 200
Cleveland, Ohio   44124


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   John P. Colan
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


MARY J. BOYLE, J.:

**{¶ 1}**   Defendant-appellant, Deonte Bennett, appeals his sentences in connection with three separate cases, raising the following two assignments of error:

**{¶ 2}**   "I.    The trial court abused its discretion in sentencing appellant without considering the overriding purpose of felony sentencing or the mandatory sentencing factors.

{¶ 3} "II.   The trial court abused its discretion in sentencing appellant without articulating judicially reviewable reasons for imposition of the sentence."

{¶ 4}   We find his arguments unpersuasive and affirm.

Procedural History and Facts

{¶ 5}   In March 2010, Bennett was indicted in Case No. CR-535160 on the following four counts for events occurring on March 8, 2010: (1) drug trafficking, in violation of R.C. 2925.03(A)(2); (2) drug possession, in violation of R.C. 2925.11(A); (3) tampering with evidence, in violation of R.C. 2921.12(A)(1); and (4) possession of criminal tools, in violation of R.C. 2923.24(A).   Approximately a week later, Bennett was indicted in Case No. CR-535402 for a single count of drug possession, in violation of R.C. 2925.11(A), for his alleged possession of crack cocaine on March 14, 2010.   Pursuant to a plea agreement, Bennett ultimately pled guilty to an amended indictment in each case.   In the first case, Case No. CR-535160, he pled guilty to drug possession, a felony of the third degree, and the remaining charges were dismissed.   In the second case, Case No. CR-535402, he pled guilty to a single count of attempted drug possession, a misdemeanor of the first degree.

{¶ 6}   In June 2010, Bennett was indicted in a third case, Case No. CR-538045, on three counts: (1) drug trafficking, in violation of R.C. 2925.03(A)(2); (2) drug possession, in violation of R.C. 2925.11(A); and (3) possession of criminal tools, in violation of R.C.

2923.24(A). In this case, Bennett ultimately pled guilty to drug possession, a felony of the fourth degree, and the remaining charges were dismissed.

{¶ 7} Following Bennett's guilty plea, the trial court sentenced him in connection with all three cases. The court imposed a prison sentence of four years and a fine of $5,000 for the third degree drug possession count in Case No. CR-535160; a fine of $250 for the first degree misdemeanor in Case No. CR-535402; and 17 months in prison for the fourth degree drug possession count in Case No. CR-538045, to run consecutively with the four-year sentence. The court also suspended Bennett's driver's license until January 28, 2011. The trial court further informed Bennett that he would be subject to three-years mandatory postrelease control following his release from prison.

Sentence

{¶ 8} In his first assignment of error, Bennett argues that the trial court abused its discretion in sentencing him to nearly the maximum because it failed to consider the overriding purposes of felony sentencing or the mandatory sentencing factors, as outlined in R.C. 2929.11 and 2929.12. He further argues in his second assignment of error that his sentence must be vacated because the court failed to state its reasoning in support of his sentence. We disagree.

{¶ 9} Appellate courts must apply a two-step approach when reviewing a defendant's sentence. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶4. "First,

they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." Id.

{¶ 10} In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Ohio Supreme Court held that trial courts "have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶100. Indeed, *Foster* severed those sections of the Revised Code that required trial courts to make findings of fact before sentencing an offender to maximum or consecutive sentences. Id. at paragraphs one and three of the syllabus. The Supreme Court recently upheld *Foster* in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768.

{¶ 11} In *Kalish*, the Supreme Court explained that "[a]lthough *Foster* eliminated mandatory judicial fact-finding for upward departures from the minimum, it left intact R.C. 2929.11 and 2929.12. The trial court must still consider these statutes." Id. at ¶13, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶38.

{¶ 12} R.C. 2929.11 and 2929.12 "are not fact-finding statutes." *Kalish* at ¶17. "Instead, they serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence. In considering these statutes in light of *Foster*, the trial court has full

discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure. Moreover, R.C. 2929.12 explicitly permits a trial court to exercise its discretion in considering whether its sentence complies with the purposes of sentencing." Id. "Therefore, assuming the trial court has complied with the applicable rules and statutes, the exercise of its discretion in selecting a sentence within the permissible statutory range is subject to review for abuse of discretion pursuant to *Foster*." Id.

{¶ 13} In *Kalish*, the Supreme Court also made clear that even after *Foster*, "where the trial court does not put on the record its consideration of R.C. 2929.11 and 2929.12, it is presumed that the trial court gave proper consideration to those statutes." Id. at fn. 4, citing *State v. Adams* (1988), 37 Ohio St.3d 295, 525 N.E.2d 1361, paragraph three of the syllabus.

{¶ 14} R.C. 2929.11(A) provides that when a trial court sentences an offender for a felony conviction it must be guided by the "overriding purposes of felony sentencing." Those purposes are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(B) states that a felony sentence "must be reasonably calculated to achieve the purposes set forth under R.C. 2929.11(A), commensurate with and not demeaning to the seriousness of the crime and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." And R.C. 2929.12 sets forth factors concerning the seriousness of the offense and recidivism factors.

{¶ 15} After reviewing the record in this case, we find that it supports the inference that the trial court properly considered the factors in R.C. 2929.12 and adhered to the purposes and principles of sentencing set forth in R.C. 2929.11.   Here, the trial court specifically noted in the sentencing entries that it considered "all required factors of law," which this court has previously held "is sufficient to show the consideration required by the court."   *State v. Woodward*, 8th Dist. Nos. 94672 and 94673, 2011-Ohio-104, ¶6.

{¶ 16} We find no support in the record that the trial court abused its discretion in imposing an aggregate sentence of five years and five months in prison for all three cases — a sentence below the maximum and within the statutory range for the offenses.   Indeed, the record reveals that the trial court ordered a PSI prior to sentencing and relied on the PSI before imposing a less than maximum sentence in each case.   The PSI report reveals that Bennett has a history of criminal convictions, including a juvenile record.   The record further reveals that Bennett was under postrelease control at the time that he committed the underlying offenses.   All of these factors sufficiently justified the length of Bennett's sentence.

{¶ 17} Finally, as for Bennett's claim that the trial court abused its discretion in failing to state its reasons on the record, there is no requirement for the trial court to do so.   See *Hodge*, supra.

{¶ 18} Accordingly, the first and second assignments of error are overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

___

MARY J. BOYLE, JUDGE

PATRICIA ANN BLACKMON, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR