[Cite as *State v. Dejarnett*, 2011-Ohio-5159.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   96072

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEANDRE DEJARNETT

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-539620

**BEFORE:**   Boyle, J., Blackmon, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:**   October 6, 2011

**ATTORNEY FOR APPELLANT**

Brion P.  Stenger
18123 Sloane Avenue
Lakewood, Ohio   44107

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Jeffrey S.  Schnatter
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY J. BOYLE, J.:

{¶ 1}   Defendant-appellant, Deandre Dejarnett, appeals his nine-year sentence for aggravated robbery and criminal menacing.   He raises two assignments of error for our review:

{¶ 2}   "[1.] The trial court erred by not giving sufficient weight to mitigating factors favorable to the appellant as required by R.C. 2929.12(C).

{¶ 3}   "[2.] The trial court erred by not giving sufficient weight to mitigating factors favorable to the appellant as required by R.C. 2929.12(E)."

{¶ 4}   Finding no merit to his arguments, we affirm.

Procedural History

{¶ 5} The grand jury indicted Dejarnett on six counts: one count of aggravated burglary, in violation of R.C. 2911.11(A)(2); one count of felonious assault, in violation of R.C. 2903.11(A)(2); two counts of aggravated menacing, in violation of R.C. 2903.21(A); one count of criminal damaging, in violation of R.C. 2909.06(A)(1); and one count of carrying a concealed weapon, in violation of R.C. 2923.12(A)(2). The aggravated robbery and felonious assault counts carried one- and three-year firearm specifications, and all counts carried a forfeiture specification.

{¶ 6} Dejarnett originally pleaded not guilty to all charges, but later withdrew his not guilty plea and pleaded guilty to an amended indictment of aggravated burglary with a one-year firearm specification and criminal damaging. The trial court sentenced Dejarnett to eight years for aggravated burglary, plus one year for the firearm specification, and six months in the county jail for criminal damaging, which was to be served concurrent with the aggravated burglary term. Thus, the trial court sentenced Dejarnett to an aggregate term of nine years in prison and ordered that he pay $500 in restitution to a victim. The trial court further advised Dejarnett that he would be subject to a mandatory period of five years postrelease control.

## Standard of Review

{¶ 7} Appellate courts must apply a two-step approach when reviewing a defendant's sentence. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶4. "First, they must examine the sentencing court's compliance with all applicable

rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." Id.

Sentence

{¶ 8} In his two assignments of error, Dejarnett claims the trial court failed to properly consider mitigating factors when sentencing him. Thus, we will address his arguments together.

{¶ 9} In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Ohio Supreme Court held that trial courts "have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶100. The Supreme Court recently upheld *Foster* in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768.

{¶ 10} The Supreme Court explained in *Kalish* that "[a]lthough *Foster* eliminated mandatory judicial fact-finding for upward departures from the minimum, it left intact R.C. 2929.11 and 2929.12. The trial court must still consider these statutes." Id. at ¶13, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶38.

{¶ 11} R.C. 2929.11 and 2929.12 "are not fact-finding statutes." *Kalish* at ¶17. "Instead, they serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence. In considering these statutes in light of *Foster*, the trial court has

full discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure. Moreover, R.C. 2929.12 explicitly permits a trial court to exercise its discretion in considering whether its sentence complies with the purposes of sentencing." Id. "Therefore, assuming the trial court has complied with the applicable rules and statutes, the exercise of its discretion in selecting a sentence within the permissible statutory range is subject to review for abuse of discretion pursuant to *Foster*." Id.

{¶ 12} In *Kalish*, the Supreme Court also made clear that even after *Foster*, "where the trial court does not put on the record its consideration of R.C. 2929.11 and 2929.12, it is presumed that the trial court gave proper consideration to those statutes." Id. at fn. 4, citing *State v. Adams* (1988), 37 Ohio St.3d 295, 525 N.E.2d 1361, paragraph three of the syllabus.

{¶ 13} R.C. 2929.11(A) provides that when a trial court sentences an offender for a felony conviction it must be guided by the "overriding purposes of felony sentencing." Those purposes are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(B) states that a felony sentence "must be reasonably calculated to achieve the purposes set forth under R.C. 2929.11(A), commensurate with and not demeaning to the seriousness of the crime and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." And R.C. 2929.12 sets forth factors concerning the seriousness of the

offense and recidivism factors.

{¶ 14} In this case, Dejarnett does not assert that his sentence was contrary to law and our review of the record shows that the sentences were within the statutory ranges. Dejarnett contends that the trial court failed to take into consideration mitigating factors, including his age, the fact that he was intoxicated when he committed the offense, his lack of prior criminal history, and genuine remorse.

{¶ 15} After reviewing the record, we find Dejarnett's arguments unpersuasive.

{¶ 16} The state informed the court that about one month before Dejarnett walked into the Harvard Deli with a gun, he and his friends began threatening the owners of the store, spray-painting "gang tags" on the side of the store, and selling drugs outside the store. On the day of the burglary, Dejarnett went into the store, waving a loaded gun around, and threatening to kill everyone in the store. One of the employees pushed Dejarnett out of the store and called the police. Dejarnett took a baseball bat and "beat the car of one of the employees, *** with the bat, damaging it." The state indicated that the owner of the store "remarked how quiet the neighborhood is now that [Dejarnett] has been incarcerated ***. They are in belief that he is the cause of the problems in their neighborhood, and the longer he is incarcerated the longer that neighborhood is going to be quiet."

{¶ 17} Defense counsel then explained to the court that Dejarnett was 19 years old at the time of sentencing, and that although he thought the defendant "did have a juvenile

record," he did not have any other prior adult convictions. Defense counsel then explained that Dejarnett was "highly intoxicated" when he committed the burglary and criminal damaging. Defense counsel also said that Dejarnett was "very remorseful" and understood that what he did was inappropriate and wrong. Defendant then told the court that he was sorry for everything that happened and that he would like to get his GED in prison and get "back on the right track."

{¶ 18} Although Dejarnett orally argued to this court that the trial court failed to say at the sentencing hearing that it "considered the seriousness and recidivism factors," the transcript reveals that the trial court did say it at the hearing.[1] The trial court further stated that Dejarnett "walked into the store brandishing a gun, threatening the customers and the employees. The police were called. You were pushed out of the store and took a baseball bat to one of the store owner's cars, smashing the windshield completely." The trial court further stated:

{¶ 19} "Frankly, the word for you would be terrorist. I believe you to be a member of a gang, given the symbols tattooed on your body and spray-painted all over the neighborhood.

{¶ 20} "I do believe the state of Ohio when they say that things are quieter now that you've been locked up. Society doesn't need people like you. Life is hard enough

---

[1]Even if the trial court had not said the "magic" words, it would not change our analysis in this case. The Ohio Supreme Court made clear in *Kalish* that "where the trial court does not put on the record its consideration of R.C. 2929.11 and 2929.12, it is presumed that the trial court gave

making ends meet without complete vicious thugs like yourself — let's not mince words here, but that's what you are. You are a vicious thug and a bad person, and you do no one any good."

**{¶ 21}** Thus, after reviewing the record in this case, we find that it supports the inference that the trial court properly considered the factors in R.C. 2929.12 and adhered to the purposes and principles of sentencing set forth in R.C. 2929.11.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MARY J. BOYLE, JUDGE

PATRICIA ANN BLACKMON, P.J., and
MELODY J. STEWART, J., CONCUR

proper consideration to those statutes." Id. at fn. 4.