[Cite as *State v. Simmons*, 2020-Ohio-6813.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-A-0029** |
| WILLIAM E. SIMMONS, III, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2019 CR 000611.

Judgment: Affirmed.

*Cecilia M. Cooper*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Prosecutor's Office, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Mary Catherine Corrigan*, Friedman & Gilbert LLC, 50 Public Square, Suite 1900, Cleveland, OH 44113; and *Allison Faye Hibbard*, The Brownhoist Building, 4403 St. Clair Avenue, Cleveland, OH 44103 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, William E. Simmons, III, appeals from the judgment entry of sentence issued by the Ashtabula County Court of Common Pleas on June 12, 2020, following pleas of guilty to two felonies of the third degree. At issue on appeal is the trial court's imposition of a maximum, consecutive sentence. The judgment is affirmed.

{¶2} On or between June 16 and June 21, 2019, in Harpersfield Township, appellant was a passenger in a vehicle that struck and killed a pedestrian on Route 534

in Harpersfield Township. The vehicle was driven by Tyler Zsigray. Neither appellant nor Zsigray called 911 or came forward with the fact that they were involved in the accident. They hid the damaged vehicle in a barn, which prevented law enforcement officers from finding the vehicle until much later on in time. Appellant and Zsigray were initially dishonest with law enforcement about the facts and circumstances of the accident. Both subsequently admitted they went back to the scene of the accident and saw the pedestrian lying on the road, but they did not call 911.

{¶3} Appellant was indicted on three counts: Count One, Obstructing Justice, in violation of R.C. 2921.32(A)(4)(C)(4); Count Two, Obstructing Justice, in violation of R.C. 2921.32(A)(5)(C)(4); and Count Three, Tampering with Evidence, in violation of R.C. 2921.12(A)(1). All three counts are felonies of the third degree.

{¶4} Pursuant to a negotiated plea agreement, appellant pleaded guilty to Counts One and Three. The state of Ohio agreed to dismiss Count Two as well as charges in a pending case. The state further agreed not to impose post-release control on a previous case as a result of the convictions in the case sub judice. Appellant faced a potential penalty, on both counts, of a prison sentence of 9, 12, 18, 24, 30, or 36 months and a fine of not more than $10,000.00. A prison term was neither mandatory nor presumed for either count.

{¶5} The trial court ordered a presentence investigation. The presentence investigation report revealed that appellant, at 33 years of age, had amassed at least 21 adult convictions plus juvenile adjudications. He had previously attended NorthEast Ohio Community Alternative Programs ("NEOCAP"), spent time in county jail, and served a prison sentence. When the instant offenses occurred, appellant was on post-release control for another felony.

{¶6} Appellant appeared before the trial court for sentencing on June 12, 2020. He had applied to and was rejected by both Mental Health Court and NEOCAP programs. Appellant read two letters into the record—one addressed to the victim's family, and one addressed to the court—expressing regret and remorse for his role in what happened after the fatal accident. The victim's husband and mother-in-law also addressed the court. Appellant requested the court impose community control, while defense counsel requested non-consecutive sentences on the lower end of the sentencing range. The prosecutor requested maximum, consecutive sentences.

{¶7} The trial court found recidivism likely, that the seriousness factors override the mitigating factors, and that community control would demean the seriousness of the offenses and not adequately protect the public from future crimes. After making consecutive sentence findings, the court imposed the maximum sentence on each count, 36 months in prison, to run consecutively for a total prison term of 72 months. No fine was imposed.

{¶8} The sentence was journalized on June 12, 2020. On appeal from this entry, appellant raises one assignment of error for our review:

{¶9} "The Trial Court erred by failing to consider the factors pursuant to Ohio Revised Code (ORC) 2929.12(C)(4) and 2929.12(E)(5) where substantial mitigation and genuine remorse existed yet, the Trial Court still imposed a maximum consecutive sentence."

{¶10} Appellant raises no challenge to the trial court's findings under R.C. 2929.14(C)(4), the statutory provision authorizing consecutive service of multiple sentences. Accordingly, whether the trial court erred in imposing consecutive sentences is not properly before us on appeal. *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-

3

4761, ¶18 (holding that an appellate court errs by reviewing the imposition of consecutive sentences under R.C. 2929.11 and 2929.12).

{¶11} Our review on appeal is therefore limited to whether the trial court's imposition of the maximum sentence on each individual count is contrary to law under R.C. 2929.11 and 2929.12. We do not review this argument under the standard set forth in R.C. 2953.08(G). *Id.* at ¶17. Nevertheless, we apply "'a standard that is equally deferential to the sentencing court'"; i.e., when reviewing the length of an individual sentence, "'an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.'" *Id.* at ¶14-15, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶23 (citation omitted).

{¶12} R.C. 2929.11 addresses the purposes and principles of felony sentencing, and R.C. 2929.12 sets forth "seriousness" and "recidivism" factors. A sentencing court is not required to use specific language and render precise findings to satisfactorily "consider" the relevant seriousness and recidivism factors. *State v. Long,* 11th Dist. Lake No. 2013-L-102, 2014-Ohio-4416, ¶79. Instead, the defendant has the burden to affirmatively show that the trial court did not consider the applicable sentencing criteria or that the sentence imposed is "strikingly inconsistent" with applicable sentencing factors. *Id.* Thus, we presume a trial court considered the statutory purposes, principles, and factors from a silent record. *Id.*, citing *State v. Adams*, 37 Ohio St.3d 295 (1988), paragraph three of the syllabus.

{¶13} Appellant argues the trial court failed to consider his expression of genuine remorse; his mental health issues that were unregulated and untreated until the months

4

following the fatal accident; and that he was merely a passenger in the vehicle and was not charged with a homicide offense.

{¶14} All of these factors were noted in the presentence investigation report and argued by defense counsel and/or appellant at sentencing. The court stated it had considered the presentence investigation report, and it observed firsthand appellant recite his letters of remorse into the record. In light of appellant's extensive criminal history, his repeated failure to rehabilitate, and the circumstances of the case, the presence of mitigating factors does not imply that the maximum sentences for each of these offenses was unjustified.

{¶15} Given these facts and the deference to which sentencing courts are entitled, we do not clearly and convincingly find that the record fails to support the individual sentences. There is no indication in the record that the trial court failed to consider mitigating factors, and we discern no error in the imposition of maximum sentences for both offenses to which appellant pleaded guilty.

{¶16} Appellant's sole assignment of error is without merit.

{¶17} The judgment entry of sentence of the Ashtabula County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, J.,

MATT LYNCH, J.,

concur.