[Cite as *State v. Frasca*, 2022-Ohio-2924.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

MICHAEL R. FRASCA, JR.,

        Defendant-Appellant.

**CASE NOS. 2021-T-0059**
**2022-T-0001**

Criminal Appeal from the
Court of Common Pleas

Trial Court Nos. 2021 CR 00485
2021 CR 00712

**O P I N I O N**

Decided: August 22, 2022
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, 4th Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*John P. Laczko*, Attorney John P. Laczko, LLC, City Centre One, Suite 975, 100 East Federal Street, Youngstown, OH 44503 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Michael R. Frasca, Jr., appeals his sentence after pleading guilty to five charges in two separately indicted cases. We affirm.

{¶2} In case number 2021 CR 485, Frasca was indicted on the following six counts: Count One, domestic violence (F3) in violation of R.C. 2919.25(A)&(D)(1)(4); Counts Two and Three, menacing (M4) in violation of R.C. 2903.22(A)&(B); and Counts Four, Five, and Six, violating a protection order (F5) in violation of R.C. 2919.27(A)(1)&(B)(3)(a). In case number 2021 CR 712, Frasca was indicted on the

following eight counts: Counts One and Two, domestic violence (M1) in violation of R.C. 2919.25(C)&(D)(1)(4); Count Three, telecommunications harassment (M1) in violation of R.C. 2917.21(B)(1)&(C)(2); Counts Four and Five, violating a protection order (F5) in violation of R.C. 2919.27(A)(1)&(B)(3)(a); Counts Six and Seven, menacing by stalking (F4) in violation of R.C. 2903.211(A)(1)&(B)(2)(e); and Count Eight, menacing by stalking (F4) in violation of R.C. 2903.211(A)(1)&(B)(2)(g).

{¶3}   Pursuant to a plea agreement, Frasca pleaded guilty to two counts of domestic violence, two counts of violating a protection order, and one count of menacing by stalking.  The remaining counts were dismissed.  The plea agreement also included a jointly recommended sentence of 24 months.  At the plea hearing, the trial court stated it would not accept the jointly recommended sentence, ordered a presentence investigation and report, and set the matter for sentencing.  At the sentencing hearing, the trial court heard victim impact statements from Frasca's wife and 14-year-old daughter and outlined Frasca's extensive criminal history.

{¶4}   In case number 2021 CR 485, the trial court sentenced Frasca to consecutive terms of imprisonment of 36 months on Count One and 12 months on Count Four.  In case number 2021 CR 712, the trial court sentenced Frasca to consecutive terms of imprisonment of 12 months on Count Four and 18 months on Count Six, as well as a concurrent term of 180 days in jail on Count One.  The prison terms imposed in case number 2021 CR 712 were ordered to be served consecutively to the prison terms imposed in case number 2021 CR 485, for an aggregate prison sentence of 78 months (i.e., six years and six months).

{¶5}   Frasca challenges his felony sentences in one assignment of error:

2

{¶6} "The trial court erred in sentencing appellant and imposing maximum consecutive terms of incarceration pursuant to guilty pleas beyond the agreed sentence of the parties without justification or making the statutorily required findings."

{¶7} Frasca first contends the trial court erred when it imposed the individual prison terms for each count because the court did not adequately consider the sentencing factors as required by R.C. 2929.12. Specifically, he argues that the individual sentences are excessive and not supported by the trial court's factual findings.

{¶8} Sentencing courts have discretion to choose the most effective way to achieve the purposes and principles of felony sentencing, as provided in R.C. 2929.11(A):

> The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

In exercising that discretion, sentencing courts are required to consider the seriousness and recidivism factors found in R.C. 2929.12, and may consider any other factors relevant to achieving the purposes and principles of felony sentencing. R.C. 2929.12(A).

{¶9} These statutes do not mandate judicial fact-finding, and when a sentencing court states that it has considered these factors, it fulfills its duty. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 42. Even a silent record raises the presumption that the sentencing court considered all relevant factors. *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph three of the syllabus. Moreover, our standard of felony sentencing review, as provided in R.C. 2953.08(G), "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State*

3

*v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39.  An appellate court is not permitted "to independently weigh evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12."  *Id.* at ¶ 42.

{¶10}  Here, the trial court noted at sentencing that it considered the overriding principles and purposes of felony sentencing and all relevant seriousness and recidivism factors, and that the sentence shall be proportional to Frasca's conduct and consistent with similarly situated offenders.  This court is not permitted to independently reweigh the competing factors on appeal.  Accordingly, this aspect of Frasca's assigned error is not well taken.

{¶11}  Frasca next argues that the trial court erred when it ordered the prison terms to be served consecutively, because the court's R.C. 2929.14(C)(4) findings are legally insufficient and not supported by the record.

{¶12}  Appellate courts are permitted to review the imposition of consecutive sentences under the standard provided in R.C. 2953.08(G)(2):

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division

4

(B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶13} A statutory presumption exists in favor of concurrent sentences. *See* R.C. 2929.41(A). "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus.

{¶14} Pursuant to R.C. 2929.14(C)(4), "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

5

{¶15} Here, the trial court made the following findings when it imposed consecutive sentences at the hearing:

> The Court finds, pursuant to Ohio Revised Code Section 2929.14, that it is necessary to protect the public from almost absolute certainty of future crime by the Defendant, consecutive sentences are not disproportionate to the seriousness of the offender's conduct, blatant disregard for court orders and protection orders; that some of these offenses were committed while awaiting trial and while he was on probation and – bond and specific orders to stay away from the victims; that due to the conduct of the Defendant a single prison term would not adequately reflect the seriousness of the offender's conduct; and the Defendant's extensive criminal history demonstrates that consecutive sentences are absolutely necessary to protect the public.

These findings were also sufficiently incorporated into the sentencing entry.

{¶16} We do not clearly and convincingly find that the record does not support the trial court's findings. Frasca has an extensive criminal history, which began when he was a juvenile, and has spent many years in prison as a result. Accordingly, this aspect of Franca's assigned error is also not well taken.

{¶17} Franca's sole assignment of error is without merit.

{¶18} The judgments of the Trumbull County Court of Common Pleas is affirmed.

MARY JANE TRAPP, J.,

JOHN J. EKLUND, J.,

concur.

Case Nos. 2021-T-0059 and 2022-T-0001